# Community Fire Company, Appellant, *v*. Pennsylvania Power & Light Company.

*Negligence—Automobiles—Proximate cause—Case for jury.*

In an action of trespass to recover for damages to a motor truck, the evidence showed that defendant's automobile was parked in violation of the Act of April 27, 1925, P. L. 254, section 10, on the highway at a curve where shrubbery obscured the road. Plaintiff's truck, coming around the curve, was forced to occupy the left side of the road to pass the automobile, and came suddenly upon a car approaching from the opposite direction. In order to avoid a collision with the on-coming car the driver of the truck made a quick turn to the right around defendant's car and struck the culvert. There was no evidence that the driver of the truck acted negligently in making the turn.

On the facts disclosed the question of proximate cause was for the jury and in such circumstances the evidence was sufficient to support a finding that the presence of defendant's car in the street was the proximate cause of the injury which the plaintiff sustained.

Where one finds himself in a position of danger which is not the result of his negligence, he is not responsible if he make a mistake of judgment in getting out. An honest exercise of judgment is all that is required of him, even if he could have done better had he had time to deliberate.

Argued December 5, 1927. Appeal No. 141, October T., 1927, by plaintiff from judgment of C. P. Lehigh County, No. 160 June T., 1926, in the case of Community Fire Company No. 1 of North Whitehall Township v. Pennsylvania Power and Light Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Trespass to recover for damages to a motor truck. Before RENO, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,283.12. Subsequently, on motion, the court entered judgment for defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was the entry of judgment non obstante veredicto.

*Fred B. Gernerd,* for appellant.—Negligence may be the proximate cause of an injury of which it is not the sole or immediate cause: Pittsburgh City v. Grier, 22 Pa. 54; Burrell Township v. Albert Uncapher et al., 117 Pa. 353; Scott et al. v. Hunter et al., 46 Pa. 192; Jaras v. Wright et al., 263 Pa. 486; Jones v. American Caramel Co., 225 Pa. 644; O'Malley v. Phila. Rapid Transit Company, 248 Pa. 292; Cohn v. May, 210 Pa. 615; Thomas v. Southern Penna. Traction Co., 270 Pa. 146. Where the facts and the inferences to be drawn therefrom are in dispute, question is for a jury: Melcher v. Stengel, 288 Pa. 522.

*Ethan A. Gearhart, Jr.,* for appellee.—The violation of a statute will not cause a liability unless it is the efficient cause of the injury: Lane v. Mullen, 285 Pa. 161; Stubbs v. Edwards, 260 Pa. 75; Snyder v. Pa. R. R. Co., 205 Pa. 619; Christner v. Cumberland Coal Co., 146 Pa. 67.

The unlawful parking of defendant's automobile was not the proximate cause of the injury: Powers v. Standard Oil Co., 98 N. J. L. 730; 119 Atl. 273.

OPINION BY HENDERSON, J., March 2, 1928:

The plaintiff recovered a verdict against the defendant for injury to its fire truck caused by the parking of an automobile, by one of the defendant's servants, on an improved public highway in violation of Section 10 of the Act of April 27, 1925. The plaintiff's evidence showed that the automobile was on the west side of the road; that it was directed northwardly; and that it was wholly on the asphalt pavement which was about 14 feet wide, with a broken stone shoulder on either side of about one foot in width. The fire truck was moving southwardly in response to a fire alarm from a neighboring hamlet, and was in charge of mem-

bers of the plaintiff company. Owing to a curve in the road and intervening trees and shrubbery, the automobile was not in view of the driver of the truck until the latter was within about 150 feet of the car. To avoid it, the fire truck was turned to the left side of the road and in so moving the left wheels were on the broken stone at the edge of the pavement when passing the defendant's automobile. As it was about to pass the car, an automobile, moving northwardly, suddenly appeared to the view of the firemen on the truck, whereat the driver turned quickly to the right immediately south of the defendant's automobile to avoid the northbound car. In doing this, the rear wheels of the fire truck slid to the west side of the road, and one of them, at least, into a ditch along the road side with the effect that the fire truck struck a culvert 40 or 50 feet below the defendant's automobile and was injured to a considerable extent. The front wheels remained on the pavement, but the swing of the rear of the truck when the double turn was made brought the rear wheels to the ditch. The case was submitted to the jury to find whether the defendant's car was wholly on the pavement; whether such occupancy of the pavement was the proximate cause of the injury, and whether the plaintiff's driver was guilty of contributory negligence in the management of the fire truck. The jury found all of these facts in favor of the plaintiff. The trial court however entered judgment for the defendant on the rule for judgment non obstante veredicto. Two reasons are given in the opinion of the court for that action; the first is that the presence of the defendant's car on the road was not the proximate cause of the injury because the fire truck passed it without a collision, and without contact with the northbound car, and that the movement of the truck leading to the accident was the result of an effort of the driver to avoid a collision with the northbound car. The jury having found that

the unlawful act of the defendant in the use of the pavement was the proximate cause of the injury, it must clearly appear that this was a mistaken conclusion to enable the court to dispose of the question as a matter of law, for the rule is, as stated in Milwaukee, etc., Ry. Co. v. Kellogg, 94 U. S. 474, that what is the proximate cause of the injury is ordinarily a question for the jury. It is to be determined as a fact in view of the circumstances of fact attending it. It is only when there is no dispute as to the facts or the inferences to be drawn therefrom that the question of liability becomes one of law to be disposed of by the court. See also Sebring v. Bell Telephone Co., 275 Pa. 135. That the plaintiff's driver was put out of his course and in a position of danger by the position of the defendant's car seems clear. But for that obstruction of the lawful path of the southbound vehicle, this controversy would not now be engaging our attention. It is not necessary that it should have been the sole cause. It is a recognized doctrine that negligence may be the proximate cause of an injury of which it is not the sole or immediate cause. Where such negligence concurred with some other event to produce the plaintiff's injury so that it sufficiently appears that the injury would not have been sustained except for such negligence, and where both the circumstances are closely connected with the injury in the order of events, the defendant is responsible even though his negligent act was not the nearest cause in the order of time: Pittsburgh v. Greer, 22 Pa. 54; Burrell Township v. Uncapher, 117 Pa. 353; Wood v. Pennsylvania Ry. Co. 177 Pa. 306; Boggs v. Jewell Tea Co., 266 Pa. 428; Shearman & Redfield on Negligence, Section 10. Nor was it necessary that there be a collision between the truck and the defendant's car or the car moving northwardly, contact with which the driver of the truck avoided in the manner above stated. The complaint is of course

that the collision with the culvert was brought about by the unlawful conduct of the defendant. That however does not imply actual physical contact between the cars. The frightening of a team of horses by an object likely to produce such result may have disastrous consequences without any contact between the wrongdoer and the plaintiff or his property. The injury to the plaintiff's boat in Pittsburgh v. Grier, supra, was not caused by collision with the city wharf, but came about because the officer in control of the boat backed it further into the stream to avoid anticipated danger because of a pile of iron lying on the wharf, in which movement, the boat was struck by some object floating in the stream whereby the boat was seriously damaged. The defense there was that the proximate cause was the floating timber or barge in the stream, but the court refused to sustain that contention and held on the contrary that the neglect of the city to maintain its wharf in safe condition was the proximate cause of the injury. In Sewell v. Moore, 166 Pa. 570, the plaintiff being unable to open a locked door leading to the fire escape jumped out of a window in a third story room where she was working, and the defendant was charged with liability for an injury which she received; his responsibility arising from the failure to have the door in condition to be quickly used. The locking of the door was held to be the only proximate and effective cause of the plaintiff's injury. Cohn v. May, 210 Pa. 615, is a somewhat similar case. The plaintiff occupied the fifth story of a building. When a fire occurred in the building, he attempted to escape by the use of a back stairway which he found to be blocked by boxes and refuse. He then returned to the fifth floor and attempted to lower himself with a rope, but this was too short for the purpose. He was therefore compelled to drop to the ground, which he did with the result that he was severely in-

jured. The cause of action set forth in the statement was the negligence of the landlord in permitting the stairway to be unavailable because of the boxes, etc., therein, and this was considered to be a sufficient setting forth of the proximate cause of the plaintiff's injury. The proposition may be deduced from the authorities that a cause of injury is not too remote merely because it was brought about by means of an intermediate agency. It is not an answer to the plaintiff's complaint therefore to say that the action cannot be sustained because the truck was not in collision with the defendant's car or with the car approaching from the south. Whether the fire truck could have been so driven as to remain wholly upon the asphalt portion of the road without collision with the defendant car is, we think, a question to be answered by the jury. The evidence tends to show that the width of the two vehicles was nearly the width of the pavement. The driver of the truck could not be held to nice calculation as to the closeness of his approach to the automobile. There is nothing in the testimony tending to charge him with negligence in the manner in which he managed his machine, at least it is not so clear that it was not properly managed as to justify a legal conclusion to that effect. When forced off the line of his direction, the driver was bound to exercise ordinary care in the circumstances, but what he was to do when confronted with the peril of a collision with a northbound car depended on the apparent imminence of the danger. We are unable to agree with the court that the ''accident occurred when and because the plaintiff's driver turned too hard or too sharply to his right to avoid striking the approaching automobile and in so doing ran into the ditch.'' Where one finds himself in a position of danger which is not the result of his negligence, he is not responsible if he make a mistake of judgment in getting out. An honest exercise of judgment is all that

is required of him even if he could have done better if he had had time to deliberate: Baker v. North East Borough, 151 Pa. 234; Cannon v. The Pittsburgh and Birmingham Traction Co., 194 Pa. 159; Hookey v. Oak Dale Borough, 5 Pa. Superior Ct. 404. The evidence shows that the driver of the truck had turned off the gas and put on the brake at the time he was passing the defendant's automobile and that he kept the front wheels of the truck on the pavement. Just what different movement he should have made to avoid the result is not shown by any witness, but if testimony had been offered that the double turn might have been made with safety, the driver, in the face of the danger confronting him, could not be held to the successful management which the deliberate opinion of an expert might suggest. A careful examination of the case and the application of the legal principles involved leads us to the conclusion that the question of proximate cause was for the jury on the facts disclosed as was also the question of the contributory negligence of the plaintiff's driver. It cannot be denied, we think, that the presence of the defendant's car in the street was a contributing cause to the injury which the plaintiff sustained, and the evidence would support the finding of the jury that it was the proximate cause of the injury; the plaintiff's employee having been found by the jury to be free from the charge of negligence. The plaintiff is therefore entitled to the fruit of its verdict.

The judgment is reversed and judgment is now entered in favor of the plaintiff on the verdict.