## Polonofsky et al., Appellants, *v.* Dobrosky.

74

Argued September 28, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Edward Friedman,* with him *Charles J. Margiotti* and *John E. Evans, Sr.,* for appellants.

*Raymond E. Brown,* with him *Matthew A. Crawford,* for appellee.

PER CURIAM, November 27, 1933:
At the trial of this action of trespass to recover damages for injuries resulting from an automobile accident,

the jury were unable to agree and were dismissed. The court thereupon granted defendant's motion for judgment upon the whole record. Plaintiffs appeal.

The wife-plaintiff was a guest in the automobile driven by defendant and was injured when the car in which she was riding collided practically head-on with an automobile driven by one Melinsky. The accident occurred May 17, 1932, shortly after 8 p. m., on a dry, clear evening. It was dusk and the lights of the machines were burning. Defendant's car was ascending a medium grade on a straight stretch of concrete highway, sixteen to eighteen feet in width, near the village of Plumville in Indiana County. Defendant was traveling on the right-hand side of the road at a speed between 45 and 50 miles an hour. The Melinsky car came over the crest of the hill toward defendant with its left wheels over the marked center line of the road, and was rapidly overtaking another car (hereafter called the Johns car) which was proceeding in the same direction. The testimony indicates that the accident occurred either through Melinsky's ill-timed attempt to pass the car ahead of him or by his failure to return to the proper side of the road in time to permit defendant to pass by. Melinsky testified he had been drinking prior to this occurrence and was driving a stolen car, for which offense he was later convicted and sentenced to the penitentiary.

Defendant, a sister of the wife-plaintiff, who was apparently not a witness unfriendly to her, testified she first saw the Melinsky car when about 300 feet distant, and realized it was on her side of the road, but continued in her path in the expectation Melinsky would return to the right and afford her sufficient clearance to pass. The evidence indicates the berm at the side of the road was of ample width to have permitted defendant to avoid a collision by turning off the concrete on to the berm. We are unable to agree with appellants' contention that defendant's failure to leave the concrete

roadway was sufficient evidence of negligence to warrant a jury in awarding a verdict for plaintiffs.

The learned judge of the court below clearly stated the legal principles applicable to the facts presented by the record as follows: "The suddenness of the approach of the Melinsky car is well established. If the witnesses are correct in the relative positions and rates of speed of the defendant's car and the Johns car, less than two seconds elapsed from the time the Melinsky car confronted defendant. Under the general testimony not much over two seconds could have elapsed and during a good portion of this fragment of time the defendant could have no reason to believe that the Melinsky car would not pull back upon its right side. This was all so sudden and unusual a situation that this defendant comes within the rule laid down in the case of Wilson v. Consolidated Beef Co., 295 Pa. 168, and kindred cases, to the effect that negligence may not be implied because of failure to perform a duty so suddenly and unexpectedly arising that there was no opportunity to apprehend the situation and to act according to the exigency. When one finds himself in a position of danger which is not the result of his negligence he is not responsible if he makes a mistake in judgment in getting out. An honest exercise of judgment is all that is required of him even if he could have done better had he had time to deliberate. In this short fragment of time defendant had to determine whether she should continue in her proper place on the highway or take the risk of suddenly swerving out upon the berm."

Defendant had a right to rely on the exercise of reasonable care by other drivers on the highway and her failure to anticipate the omission of such care does not render her negligent: Weiss v. Pittsburgh Rys. Co., 301 Pa. 539. See also Hayes v. Schomaker, 302 Pa. 72; Adams v. Fields, 308 Pa. 301; O'Mally v. Eagan, 43 Wyo. 233, 2 Pacific (2d) 1063.

Judgment affirmed.