## Marchl et al. *v.* Dowling & Company, Inc., Appellant, et al.

Argued October 3, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*Russell R. Yost,* with him *Graham, Yost, Meyers & Graham,* for appellant.

*Edward J. Harkins,* for appellees.

OPINION BY RHODES, J., March 12, 1945:

This action in trespass was brought to recover damages for personal injuries sustained by minor plaintiff, and alleged to have been caused by defendants' negligence, and for expenses incurred by her parents as a result thereof. Minor plaintiff was struck by an automobile driven by one of the defendants, Boyd E. Bowers, as it was passing an illegally parked truck owned by the other defendant, Dowling & Company, Inc. The verdicts of the jury were in favor of plaintiffs against both defendants. Both defendants filed separate motions for judgment n. o. v. which were refused. Dowling & Company, Inc., alone appeals from the judgments entered and assigns as error the refusal of its motion for judgment n. o. v.

Plaintiffs are entitled to have the evidence supporting their verdicts considered and all the rest rejected under the assignment of error which appellant has submitted. *Ashworth v. Hannum et al.,* 347 Pa. 393, 395, 32 A. 2d 407; *Sorrentino v. Graziano et al.,* 341 Pa. 113, 114, 17 A. 2d 373.

It thus appears from the evidence that on May 24, 1940, minor plaintiff, a young girl then seven years of age, was injured when struck by an automobile, driven

by defendant Bowers, as she was crossing Walnut Street in the City of Johnstown. The accident happened about noon. Walnut Street is 29½ feet wide between curbs and runs north and south. An alley (Rowley Alley), 12 feet wide, opens into Walnut Street from the west.

On the day when minor plaintiff was injured, cars were parked on both sides of Walnut Street. The truck of appellant, headed south, was parked on the westerly side of Walnut Street, a short distance (two car lengths or less) north of Rowley Alley. The truck had been stopped parallel to the curb and faced south on the roadway side of other cars which were parked against the curb on the westerly side of the street. The truck had been parked for about fifteen minutes before the accident. Minor plaintiff had walked south on the sidewalk on the west side of Walnut Street until she came to the intersection of Rowley Alley. Intending to cross Walnut Street from the west to the east at that point, she looked to the right and had a clear and unobstructed view south on Walnut Street. Nothing was coming from that direction. She then walked into Walnut Street until she had passed beyond the line of appellant's truck in order to see if there was any traffic approaching from the north. She stopped and looked after she got into the street a sufficient distance to see beyond the truck. At that instant she saw the Bowers car and it was almost on top of her. She raised her hand for the driver to stop, but his head was turned as though he were talking to someone in the car, and before she had an opportunity to move she was struck. Appellant's truck was a built-in truck with canvas sides; that is, the roof and sides were covered and the entire back portion of the truck was a built-in body. It obstructed the view of anyone approaching from the rear. The car driven by Bowers in a southerly direction on Walnut Street approached appellant's truck from the rear. It pulled out into that portion of the street which was unobstructed in order to pass around ap-

pellant's truck. Appellant's truck was so parked and of such construction that pedestrians crossing Walnut Street from the west to the east side would not be able to see traffic approaching from its rear until near the center of the street.

Appellant's truck was parked in violation of an ordinance of the City of Johnstown, and in violation of the mandatory provisions of section 1020 of the Act of May 1, 1929, P. L. 905, as amended by section 5 of the Act of June 5, 1937, P. L. 1718, 75 PS §612. Appellant was consequently guilty of negligence per se. *Jinks et al. v. Currie et al.*, 324 Pa. 532, 537, 188 A. 356; *Ashworth v. Hannum et al., supra*, 347 Pa. 393, 397, 32 A. 2d 407.

Plaintiffs' contention is that the illegal parking of appellant's truck was a concurrent cause of the accident; that this is a case of concurrent negligence, both defendants being jointly and severally liable.

Appellant's argument is predicated, in effect, upon the theory that the intervening act of defendant Bowers was a superseding cause, and that he is solely liable.

We are of the opinion that the illegal parking of appellant's truck was a causal and substantial factor in minor plaintiff's injury, and that the intervening act of Bowers was not a superseding cause, although it was a contributing cause and a proximate factor in the happening of the accident. See *Cusatis v. Lehigh Valley R. Co.*, 152 Pa. Superior Ct. 193, 198, 31 A. 2d 572. We think the jury was justified in concluding that the harm to minor plaintiff which actually ensued was reasonably likely to ensue as a result of the illegal parking of appellant's truck. See *Milbury v. Turner Center System*, 274 Mass. 358, 174 N. E. 471. It is apparent that appellant's truck, as parked, cut off the view of pedestrians crossing Walnut Street and operators of motor vehicles using that throughfare.

The present situation does not come within the rule set forth in *Kline et al. v. Moyer and Albert*, 325 Pa. 357, 364, 191 A. 43, 46: "Where a second actor has

become aware of the existence of a potential danger created by the negligence of an original tort-feasor, and thereafter, by an independent act of negligence, brings about an accident, the first tort-feasor is relieved of liability, because the condition created by him was merely a circumstance of the accident and not its proximate cause." On the contrary, appellant's negligence in parking the truck as it did was an immediate and not a remote cause of the accident. There would have been no injury to the minor plaintiff but for the negligence of appellant, which first put the minor plaintiff in peril and which existed when the negligence of Bowers turned the peril into actual injury. *Hughes et ux. v. Pittsburgh Transportation Co. et al.,* 300 Pa. 55, 60, 150 A. 153. The location of appellant's illegally parked truck put minor plaintiff in a perilous position in crossing the street.

Judgments are affirmed.