Bricker *v.* Gardner et al., Appellants.

Argued May 27, 1946. Before MAXEY, C. J., LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Spencer G. Hall,* with him *Paul G. Smith,* City Solicitor, for appellants.

*Louis Gordon,* for appellee.

OPINION BY MR. JUSTICE LINN, June 25, 1946:

These appeals are from the refusal of defendants' motions for judgment on the record after disagreement of the jury: Act of April 20, 1911, P. L. 70, 12 P.S. 684. Judge WOODSIDE'S opinion, reported in 56 Dauphin County Reports 384, adequately disposes of the motions for judgment.

The plaintiff, in his employer's truck driven by another employee, was injured when the truck collided with a parked truck belonging to the defendant, the City of Harrisburg, in charge of Gardner, the other defendant. The truck was parked in a "No Parking" zone. An ordinance prohibited parking in this zone. Parking* is defined in the Motor Vehicle Code, Act of May 1, 1929, P. L. 905, as amended, 75 P.S. 2, and is regulated by sections 1019 (a), 1020, 75 P.S. 611, 612. See also *Stuckwish v. Hagan Corp.*, 316 Pa. 513, 175 A. 381; *Henry v. Liebovitz*, 312 Pa. 397, 167 A. 304; *Ashworth v. Hannum*, 347 Pa. 393, 32 A. 2d 407. Plaintiff's theory was that the parking was unlawful and the proximate cause of the damage. Proof of violation of the parking provisions of the Vehicle Code is proof of negligence rendering defendants liable for the legal result of the negligence: *Jinks v. Currie*, 324 Pa. 532, 188 A. 356; *Purol Inc. v. Great Eastern System*, 130 Pa. Superior Ct. 341, 197 A. 543; *Vunak v. Walters*, 157 Pa. Superior Ct. 660, 43 A. 2d 536; *D'Ambrosio v. Philadelphia*, 354 Pa. 403, 47 A. 2d 256.

The defendants contend that the parking was for a purpose allowed by the statute or excepted from its general prohibition. A party claiming such exception or immunity from a general prohibition must bring himself within it; the defendants therefore had the burden of satisfying the jury that the parking was such as was allowed by the statute: cf. *Mashinsky v. Philadelphia*, 333 Pa. 97, 101, 3 A. 2d 790; *Com. v. Freed*, 106 Pa. Superior Ct. 529, 162 A. 679; see 9 Wigmore: Evidence, sec. 2486. As the evidence was oral, the ascertainment of the fact was for the jury: *Nanty-Glo Borough v. American Surety Co.*, 309 Pa. 236, 163 A. 523; *Keck v.*

---

* "Parking. The standing of a vehicle, except police or fire department vehicle or ambulance, whether occupied or not, upon a highway otherwise than temporarily for the purpose and while actually engaged in loading or unloading, or in obedience to traffic regulations or traffic signs or signals."

*P. R. T. Co.*, 314 Pa. 389, 171 A. 478; *Sefton v. Valley Dairy Co.*, 345 Pa. 324, 28 A. 2d 313.

It was also suggested that the parking, if unlawful, was not the proximate cause of the accident, that the conduct of the driver of the truck in which the plaintiff was riding was an independent act of negligence constituting the legal cause of plaintiff's injury: see *Kline v. Moyer*, 325 Pa. 357, 191 A. 43. That evidence also was oral and necessarily for the jury.

Orders affirmed.