## Klimczak v. 7-Up Bottling Company of Philadelphia, Inc., Appellant.

Argued April 18, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Herbert A. Barton,* with him *Swartz, Campbell & Henry,* for appellant.

*Henry T. Reath,* with him *James J. McCabe, Jr., John Lamon* and *Duane, Morris & Heckscher,* for appellee.

Opinion by Mr. Justice Jones, May 21, 1956:

The plaintiff, Stanley Klimczak, sued the defendants, 7-Up Bottling Company of Philadelphia, Inc., and one James H. Boulware, for damages for personal injuries allegedly caused by the negligence of the driver of the 7-Up Company's truck and Boulware, the driver of a truck owned by Lipoff's Wholesale Meat Company. The 7-Up Company brought the Meat Company upon the record as an additional defendant. The jury returned a verdict for the plaintiff against all three defendants jointly. The 7-Up Company moved for judgment n.o.v. on the ground that the evidence was insufficient to support a finding of negligence on its part; Boulware and the Meat Company filed motions for a new trial. The learned court below denied all motions, and respective judgments were accordingly entered on the verdict. Only the 7-Up Company has appealed to this court.

The sole question raised by the appellant is whether the evidence adduced at trial was sufficient to warrant the jury's finding its driver guilty of causative negligence. Viewed in the light most favorable to the verdict, as the procedural situation requires, the evidence and reasonable inferences therefrom show that the plaintiff's injuries were suffered in the following manner.

About 3:15 P.M. on a clear, dry, summer day, the plaintiff, a carpenter, parked his truck at a metered parking space along the sidewalk curb in front of a business establishment where he intended to purchase supplies. At the time, a truck of the 7-Up Company was parked at the curb alongside a fire hydrant from two to ten feet, as variously estimated, to the rear of the plaintiff's truck. The plaintiff, having completed his purchases, came out of the store and walked to the curb, intending to place his supplies in the back end

of his truck. Before he stepped down from the curb, he looked to his left and saw the 7-Up truck still parked where it had been and not moving; the driver was sitting in the cab of the truck. The plaintiff stepped off the curb between the two trucks and was in the act of placing his purchases in the rear of his truck when he heard a "crash". Glancing to his left, he saw the 7-Up truck coming forward toward him. Lacking time to extricate himself, he was pinned between the 7-Up truck and his own, thereby sustaining the injuries to his left arm for which he sued to recover damages.

The appellant's driver testified that, intending to make service calls nearby, he had parked his truck as close as possible to the curb, had shut off the engine and had put it into low gear. Having completed his calls, he had returned to the truck and was sitting in the cab making entries of the calls in his book. While so doing, he "felt a crash and a jolt" which propelled his vehicle forward and rocked him back in the seat of the truck, causing him to strike his head on something. When he alighted from his truck, it was still in low gear. It was the forward motion of the 7-Up truck that pinned the plaintiff against the rear end of his own vehicle and inflicted his injury.

The "crash" to which the witnesses testified was due to another truck's striking the rear left-hand side of the 7-Up truck. The "striking" truck was the property of the additional defendant, Lipoff's Wholesale Meat Company, and was driven by James Boulware, the other defendant. Boulware testified that he had seen the 7-Up truck parked by the curb and that, as he had intended to "double park" somewhere ahead of the 7-Up truck, he was proceeding past it slowly. The engine portion and cab of his truck had passed with "ample clearance", but, when the body of his truck came even with the rear of the 7-Up truck, he "felt

the jolt and then the crash" and stopped. Upon alighting, he observed that the body of his truck had struck the rear of the 7-Up truck and saw the injured plaintiff come from between the 7-Up truck and the truck parked ahead of it. Boulware then noticed for the first time that the rear wheels of the 7-Up truck were approximately two feet from the curb, thus positioning that truck on a diagonal to the curb with the rear portion pointed into the cartway. No evidence was introduced, however, to show that the position of the 7-Up truck, which could have been caused by the impact, was the same after the accident as it had been prior to the collision. In fact, Boulware's own thought was that the 7-Up truck "was parked against the curb".

As stated in the opinion for the court en banc, with apparent approval, the learned trial judge "was of the opinion that from the nature of the accident, the injury, and the circumstances under which they occurred, a presumption of negligence arose against all defendants, and cast the burden on them to show they were free from negligence." In so concluding, the court below plainly erred. This was not a case for the application of the doctrine of exclusive control. Involved in the accident were several trucks, separately attended, one of which collided with the other while on the cartway of a public thoroughfare. As we have often recognized, negligence is not to be imputed from the mere happening of the accident in such circumstances. See, e.g., *Karcesky v. Laria*, 382 Pa. 227, 232, 114 A. 2d 150, and *Hutchinson v. Follmer Trucking Company*, 333 Pa. 424, 426, 5 A. 2d 182.

There is no evidence whatsoever that the driver of the appellant's truck was guilty of any negligence that could be considered the proximate cause of the plaintiff's injury. It is, of course, true that proof of negligence need not establish the alleged fact to an abso-

lute certainty, ruling out every possible cause of the accident inconsistent with the presence of negligence: *Wilbert v. Pittsburgh Consolidation Coal Company,* 385 Pa. 149, 122 A. 2d 406; *Foley v. The Pittsburgh-Des Moines Company,* 363 Pa. 1, 25, 68 A. 2d 517. But, it is equally true that "where circumstantial evidence is relied upon to prove negligence the evidence must be such as to enable the jury to conclude—not by conjecture or guess but—as a reasonable and legitimate inference that the accident was caused by the negligence of the defendant. In order to do so the evidence must clearly and sufficiently describe or picture the happening of the accident in such a manner that the only reasonable inference and conclusion from the facts and circumstances which were proved is that defendant was negligent: *Ebersole v. Beistline* [368 Pa. 12, 82 A. 2d 11] ; *Finnin v. Neubert* [378 Pa. 40, 105 A. 2d 77]": *Fries v. Ritter,* 381 Pa. 470, 473, 112 A. 2d 189, quoted with approval in *Karcesky v. Laria,* supra.

The appellees argue that the appellant's driver was negligent in that he must have started to back his truck from its position along the curb thus projecting its rear end further into the cartway and thereby incurring the damaging contact with the Meat Company's passing truck. The fallacy of this ingenious theory is that it is pure conjecture. There is not a word of testimony to support it; no one, not even Boulware, the driver of the other truck, said that the appellant's driver was backing his truck away from the curb at the time of the collision of the one truck with the other.

Nor did the inability of the appellant's driver to answer categorically whether he had started his engine or had put his truck in motion just prior to the collision amount to positive proof of probative value that he had done what he was unable to recall. He

attributed his hazy memory to dizziness suffered from the shock of the blow on his head which he received when jolted. However that may be and whether or not the jury believed him, there was no positive testimony in the case from which the jury could affirmatively find that he had been guilty of operative negligence in the handling of his truck.

The fact that the appellant's truck was parked alongside a fire hydrant in violation of The Vehicle Code is of no moment to the question of responsibility for the plaintiff's injury. The indicated statutory infraction was obviously not the proximate or efficient cause of the accident and, hence, not negligence *per se*: *DeLuca v. Manchester Laundry and Dry Cleaning Company, Inc.*, 380 Pa. 484, 491, 112 A. 2d 372; *Shakley v. Lee*, 368 Pa. 476, 478, 84 A. 2d 322; *Hutchinson v. Follmer Trucking Company*, supra, at p. 427. The accident involving the appellant's illegally parked truck was not the type of occurrence which the legislative regulation was designed to police: *Ennis v. Atkin*, 354 Pa. 165, 169, 47 A. 2d 217; Restatement, Torts, §286 (c). That the illegal parking of the appellant's truck was not the proximate cause of the plaintiff's injury was for the court to determine as a matter of law under the facts of this case. As stated by Mr. Chief Justice STERN in the *DeLuca* case, supra,—"Ordinarily the question whether the negligence of a defendant is a proximate cause of the accident is for the fact-finding tribunal (*Landis, Administratrix, v. Conestoga Transportation Company (No. 1)*, 349 Pa. 97, 100, 36 A. 2d 465, 466), but where the relevant facts are not in dispute and the remoteness of the causal connection between defendant's negligence and plaintiff's injury clearly appears from the evidence the question becomes one of law and, as such, is within the scope of appellate review: [cases cited]."

The judgment against the 7-Up Bottling Company of Philadelphia, Inc., is reversed and judgment n.o.v. is here entered for that defendant.