Caroline C. **ALMOND**, Administratrix of the Estate of Elinor Hynes, Deceased, a minor

v.

Joseph **POLLON** and John Broomall.

Civ. A. No. 24437.

United States District Court
E. D. Pennsylvania.

Aug. 30, 1961.

William F. Quinlan, Philadelphia, Pa., for plaintiff.

John J. McDevitt, III, and Charles L. Ford, Philadelphia, Pa., for defendants.

VAN DUSEN, District Judge.

This personal injury action is before the court on plaintiff's Motion For New Trial as to one of two co-defendants after the trial judge granted (N. T. 166–7) a Motion For A Directed Verdict under F.R.Civ.P. 50, 28 U.S.C.A., by that co-defendant (Broomall) at the conclusion of the plaintiff's case and that of defendant Pollon (N. T. 157 and Document No. 19; see, also, N. T. 114–7). Plaintiff claims that Broomall is liable for the death of the three-year old minor decedent, who was struck and run over by the car of Mr. Pollon (proceeding east) at about 5:45 p. m. on an April afternoon while crossing East Gowen Avenue (30 feet wide and running east-west) from north to south in the Mount Airy residential section of Philadelphia. Cars were parked along the south side of East Gowen Avenue.

Construing the evidence most favorably to plaintiff, a minute before the accident Broomall stopped his station wagon in front of 205 East Gowen Avenue while returning from work in order to drop off a passenger at 207 East Gowen Avenue. A station wagon[1] was parked in front of 207 East Gowen Avenue (to the east of 205 and four doors from the corner of Sprague and Gowen Avenues—N. T. 66 and P–2) and another car was parked to the west an undetermined distance beyond where Broomall stopped to let off his passenger (N. T. 68–69). Broomall pulled the front wheels of his station wagon in to the curb, but the right rear wheel was 2½ to 3 feet from the curb (N. T. 70, 140 and 145), so that his car was at an angle. The right front wheel was opposite the east house line of 203 (N. T. 69) and the rear of the station wagon was at least four feet from the station wagon parked in front of 207 East Gowen Avenue (N. T. 78). There are always quite a few children on the sidewalks at this part of Gowen Avenue about 6 p. m. (N. T. 38),[2] as well as traffic coming from a railroad station at Sprague and Gowen Avenue, about 150 feet from the place of the accident (N. T. 39).

The minor decedent went from the north curb past the rear of Broomall's station wagon in order to cross the street to her home (N. T. 123). The decedent proceeded at a fast gait[3] to the middle of the street, where "she sort of stopped, and as she did, it appeared that she stumbled * * * and the left front bumper of (Pollon's) car contacted her head * * *." (N. T. 22). Pollon's car was coming 10 to 15 M. P. H. (N. T. 109–150). The child was hit approximately opposite 207–205 East Gowen Avenue (N. T. 92–95) and 96 feet east of the east curb of Sprague Street (N. T. 95). Pollon never saw the deceased minor or any other children until after his car had hit and passed over such minor (N. T. 109 & 132–3).

▓▓▓ Although the trial judge believes the words "stop, stand, or park," as used in § 33 of the Act of August 24, 1951, P.L. 1368, amending what was in 1957 designated as 75 P.S. § 612(15) and is now 75 P.S. § 1021(14), do not apply to a temporary stop or wait such as that involved in this case,[4] it may be as-

---

1. This station wagon and some of the other cars on the north side of East Gowen Avenue were more than seven inches from the curb (N. T. 77 & 82–3).

2. There were five children in the immediate vicinity of Broomall's car as he stopped (N. T. 89).

3. "She wasn't really running, but she was going at a fast gait" (N. T. 22).

4. See § 286(b)–(c) and comments c, g and h of the Restatement of Torts, providing that the violation of a legislative enactment by doing a prohibited act only makes the actor liable if four factors are present, one of which is that "the interest invaded is one which the enactment is intended to protect" (§ 286(b)). Comment c (page 754) points out, as an example, that stopping a disabled automobile, in violation of the technical words of a statute such as this, would not be negligence in spite of a statute such as this. See Klimczak v. 7–Up Bottling Co.

sumed that Broomall was negligent for the purpose of ruling on this Motion.

It is clear that whether such negligence consists of violation of a statute or not, a defendant is not liable unless this negligence is a proximate cause of the accident. See § 286(d) of the Restatement of Torts;[5] DeLuca v. Manchester Laundry, etc., Co., 1955, 380 Pa. 484, 488–489, 112 A.2d 372, and cases there cited; Kite v. Jones, 1957, 389 Pa. 339, 344–347, 132 A. 683; Kaplan v. Kaplan, 1951, 404 Pa. 147, 149–151, 171 A.2d 166. In the DeLuca case, supra, it is pointed out, 380 Pa. at pages 491–492, 112 A.2d 372, that the trial judge or appellate court must direct a verdict for defendant where there is no evidence from which the fact finder could make a finding of proximate cause.

In this case, Pollon, travelling at 10 to 15 M. P. H., never saw the minor child at any time (N. T. 109), so that the fact that defendant obstructed his view of her path for three feet could not have been a proximate cause of the accident.[6] If Pollon had seen her three feet from his car, it is clear that the car could not have been stopped prior to the accident. See analysis of Chief Justice Stern at pages 490–491 of the DeLuca case, supra, 380 Pa., at pages 375–376 of 112 A.2d. There is no evidence that the view of the minor or her elder companions was obstructed by the Broomall station wagon (N. T. 123).[7] For this and other reasons, Marchl et al. v. Dowling & Co., 1944, 157 Pa.Super. 91, 41 A.2d 427, relied on by plaintiff, is based on a substantially different factual situation. It is also noted that in the Dowling case, supra, 157 Pa.Super. at pages 94–95, 41 A.2d 427, the principle relied on by Chief Justice Stern in the DeLuca case, supra, 380 Pa. at page 491, 112 A.2d 372, is recognized and stated.

The language, relied on by plaintiff at pages 2 and 3 of her rebuttal brief (Document No. 29), in Anderson v. Bushong Pontiac Co., 1961, 404 Pa. 382, 386, 389–390 & 391, 171 A.2d 771, is inapplicable to the factual situation now before the court.[8]

The briefs of the parties have been placed in the Clerk's file as Documents Nos. 27 to 29, inclusive.

### Order

And now, August 30, 1961, it is ordered that the motion for new trial (Document No. 24) is denied.

---

of Philadephia, 1956, 385 Pa. 287, 293, 122 A.2d 707. Cf. Johnson et al. v. Angretti et al., 1950, 364 Pa. 602, 606, 73 A.2d 666; Fritz v. York Motor Express Co., 1948, 358 Pa. 398, 401, 58 A. 2d 12; Rieck-McJunkin Dairy Co. v. George et al., 1948, 162 Pa.Super. 132, 135–136, 56 A.2d 261.

5. Comment i of this Section provides at page 758:
"i. The Rules which determine whether the violation of a legislative enactment is a legal cause of an invasion of the interest of another are the same as those which determine whether conduct negligent at common law is a legal cause of an invasion of a legally protected interest of another * * *."

6. In a statement given to the police on the day of the accident, Pollon testified that there was nothing to obstruct his view (N. T. 110). He did not notice Broomall's station wagon until after the accident (N. T. 130). He could not see any children because of "too many parked cars" and "you don't look that way. You look in front for you drive." (N. T. 132).

7. The testimony is that while the deceased minor was still at the curb, with the older girls who were going to take her home, she "pulled away fast and ran out into the street" (N. T. 123), so that the older girls had no opportunity to look for traffic. The decedent "pulled away * * * forcefully," taking the older girls "by surprise" (N. T. 124).

8. It is noted that counsel for plaintiff omitted to quote the italicized language quoted by the court in that case at page 389 from § 448 of the Restatement of Torts, which seems more pertinent to the facts in this case than the language quoted in that brief.