## Nelson v. Federal Mogul Service

*Alan Kahn*, for plaintiff.

*Robert B. Wood*, for defendant.

REIMEL, J., March 14, 1962.—This matter comes before the court on defendant's exceptions to the findings of President Judge Alessandroni for plaintiff in the amount of $4500.

Plaintiff brought suit in trespass to recover for personal injuries and property damage as the result of an automobile accident, which occurred on August 9, 1960, at the intersection of Girard Avenue and Corin-

thian Street in the City of Philadelphia. Plaintiff was seated in his automobile, parked on Girard Avenue near the corner of Corinthian Street. Defendant's driver, operating defendant's tractor-trailer, while making a right turn from Corinthian Street on to Girard Avenue failed to clear the corner completely and the trailer collided with plaintiff's automobile. Defendant's driver saw plaintiff's parked automobile before he began to make his turn on to Girard Avenue.

Defendant contends that plaintiff was guilty of contributory negligence as a matter of law due to the fact that he was parked too close to the corner, in violation of The Vehicle Code of April 29, 1959, P. L. 58, sec. 1021, which provides:

"No person shall park a vehicle or tractor, or permit it to stand, whether attended or unattended, upon a highway or in any of the following places . . . (4) Within twenty-five (25) feet from the intersection of curb lanes . . .": 75 PS §1021.

Plaintiff's testimony reveals that his car was parked approximately 20 feet from the intersection. Defendant contends that if the rear of plaintiff's automobile had been parked 25 feet from the corner, as required by the statute, the collision could not and would not have taken place. In view of the proximity of defendant's tractor-trailer as revealed at the trial, we are wholly unable to reach such conclusion. It appears from the testimony that defendant's driver saw plaintiff's vehicle before he proceeded into Girard Avenue and negotiated his turn like a "bull in a china shop", and defendant's vehicle travelled some distance after the collision before he was able to bring his vehicle to a complete stop.

It has been repeatedly held that violation of a statute may be negligence per se and liability may be grounded on such negligence if, but only if, such negligence is the proximate and efficient cause of the accident in

question: Kaplan v. Kaplan, 404 Pa. 147 (1961). See Steele v. Peoples Natural Gas Co. 386 Pa. 439, 444 (1956); Listino v. Union Paving Co., 386 Pa. 32 (1956); DeLuca v. Manchester Laundry and Dry Cleaning Company, Inc. 380 Pa. 484, 489 (1955).

Ordinarily the question whether the negligence of plaintiff or defendant is the proximate cause of the accident is for the fact-finding tribunal, but where the relevant facts are not in dispute and the remoteness of the causal connection between plaintiff's negligence and his injury clearly appears from the evidence the question becomes one of law. Under the circumstances of this case, no particular peril was encountered by the mere parking of the automobile near the corner where the street is 40 feet wide.

Defendant's contention that plaintiff's computation of lost earnings was grossly exaggerated is not borne out by the evidence.

In view of the fact that plaintiff's loss of earnings was proved by means of his Federal income tax returns and bank deposits, such contention is without merit.

Defendant further contends that plaintiff is not entitled to recover the fair value of medical services gratuitously rendered to him without charge, unless he can prove that they were rendered as a gift.

In Kite v. Jones, 389 Pa. 339, 352 (1957), it was held by Justice, now Chief Justice Bell:

" 'Whether a plaintiff may recover loss of wages from a tortfeasor where the injured party has been paid the wages by his employer is to be determined by the evidence. The rule of law is clear: if the payments by the employer were a gratuity or gift, claimant may recover for loss of wages against a third party tortfeasor. The generosity of the employer does not redound to the benefit of the wrongdoer' ": Stevenson v. Pa. Sports and Enterprises, Inc., 372 Pa. 157, 163 (1952).

The evidence discloses that medical services were rendered to plaintiff as a professional courtesy in the form of a gratuitous gesture from fellow members of the medical profession. Had plaintiff not been a physician he would have had to pay for his medical expenses. Thus, it is the opinion of this court that the generosity of the physicians in rendering medical care without charge should not enure to the benefit of defendant. The court therefore enters the following:

*Order*

And now, March 14, 1962, defendant's exceptions are dismissed and judgment is hereby entered for the plaintiff in the sum of $4500.