Paul J. CAMUSO, Appellant,

v.

READING COMPANY.

No. 13813.

United States Court of Appeals
Third Circuit.

Argued March 23, 1962.

Decided April 4, 1962.

William Bruno, Philadelphia, Pa., for appellant.

Henry R. Heebner, Philadelphia, Pa. (Morgan, Lewis & Bockius, Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH, McLAUGHLIN and SMITH, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of the District Court for the Eastern District of Pennsylvania. The plaintiff sued the defendant under the Federal Employers' Liability Act for personal injuries sustained when he was hurt while opening a window of a railroad car. The jury gave him a verdict with a deduction for his own contributory negligence.

The basis of the plaintiff's complaint is that the judge failed to charge as fully as the plaintiff now says he should have done. We have examined the charge and the plaintiff's request. We do not agree that a further charge was required. We think the trial judge set out clearly the rule about contributory negligence and he said enough about assumption of risk to get any application of that doctrine out of the case.

The judgment of the district court will be affirmed.

Caroline C. ALMOND, Administratrix of the Estate of Elinor Hynes, Deceased, a Minor, Appellant,

v.

Joseph POLLON and John Broomall.

No. 13810.

United States Court of Appeals
Third Circuit.

Argued March 23, 1962.

Decided April 4, 1962.

William F. Quinlan, Philadelphia, Pa., for appellant.

Charles L. Ford, Philadelphia, Pa. (Elston C. Cole, Philadelphia, Pa., on the brief), for appellee Pollon.

Norman Paul Harvey, Philadelphia, Pa. (John J. McDevitt, 3rd, Philadelphia, Pa., on the brief), for appellee Broomall.

Before GOODRICH, McLAUGHLIN and SMITH, Circuit Judges.

PER CURIAM.

This is a suit by an administratrix to recover damages for the death of a small child who was run over by the defendant, Pollon. The other defendant, Broomall, is charged with responsibility on the theory that he did not stop or park his car in accordance with the pertinent Pennsylvania statutory provisions and that this failure contributed to the accident which resulted in the child's death. The trial judge directed a verdict in favor of the defendant Broomall; the jury returned a verdict in favor of the defendant Pollon. The trial judge not only charged the jury in detail but wrote a memorandum discussing the points in the case and denying the motion for a new trial. There was no error.

The judgment of the district court will be affirmed, 198 F.Supp. 301.