## Lambert, Administratrix, v. Webb Manufacturing Company

*Robert H. Arronson*, for plaintiff.

*Joseph W. Henderson*, for defendant.

*Todd Daniel*, for proposed additional defendant.

CRUMLISH, J., April 2, 1951.—Defendant in this matter has petitioned to join an additional defendant.

The question before us arises from the following facts: On October 4, 1950, a fatal accident occurred at an intersection. The original defendant's agent was the driver of a motor truck, owned by original defendant, which struck plaintiff's decedent, a pedestrian. Service of the complaint was made on original defendant on October 13, 1950. No answer was filed. Pennsylvania R. C. P. 2253 provides that service on additional defendant must be made within 60 days after the service of the initial pleading "unless . . . filing is allowed by the court upon cause shown." Here the petition to join was made February 6, 1951, 59 days beyond the limit set by the rule.

"What constitutes sufficient cause to justify such an extension? The rules do not give any indication of what is sufficient": Goodrich-Amram, Commentary on Pa. R. C. P. 2253, at page 40. However, President Judge Knight, speaking for the Court of Common Pleas of Montgomery County in Scureman et ux. v. Perkiomen Realty Co., 47 D. & C. 361, 363 (1943), lays down this rule:

"The petition for the allowance of the filing of a praecipe after the 60-day period should contain: first, some reasonable justification or excuse for the delay;

and second, a statement of the facts alleged to render the proposed additional defendant alone liable or liable with or liable over to defendant."

Since the objection here comes from proposed additional defendant alone, we may add to the above rule that an extension of the 60-day period must not work an undue hardship upon proposed additional defendant nor prejudice his substantive rights.

Petitioner here alleges that on October 31, 1950, a coroner's inquest was held, and original defendant's agent was exonerated from criminal responsibility. Defendant's counsel requested a copy of the transcript of this inquest, but he did not receive one until after the 60-day period had expired. Upon receiving the report, petitioner's counsel learned for the first time that the motor vehicle owned by proposed additional defendant was at the time of the accident so parked that it obscured the view of the driver of petitioner's truck and further "acquired the knowledge that a summons was issued by the bureau of police against proposed additional defendant for parking too close to the corner." Upon the acquisition of this knowledge, counsel for petitioner was first able to advise him that "upon the authority of the case of Marchl et al. v. Dowling and Company, 157 Pa. Superior Ct. 91 (1945), legal grounds existed for the joinder of the proposed additional defendant". When petitioner was so advised, he immediately "requested counsel to prepare this petition".

Substantively, if additional defendant's car was so negligently parked that it actually obscured the vision of the defendant's driver at the time of the accident so that he was unable to see defendant's decedent in time to avoid the collision, there would arise a question of whether his so parking was the "causal and substantial factor" of the accident: Marchl et al. v.

Dowling & Co., Inc., supra. Unless, however, "the facts are undisputed, the question of proximate cause and intervening agency are for the jury": Helmick v. South Union Township, 323 Pa. 433 (1936); Murray v. Pittsburgh Athletic Company et al., 324 Pa. 486, 493 (1936), both cited in Kline et al. v. Moyer and Albert, 325 Pa. 357 (1937). See also A. L. I. Restatement of the Law of Torts, §§439 and 440. It cannot be said, as a matter of law, therefore, with only the pleadings before us, that additional defendant is or is not liable, either solely or along with original defendant. Furthermore, to justify the determination of such a question on the pleadings, the facts should be clear and undisputed: Shaffer v. Shaffer et al., 340 Pa. 222 (1940).

Were the substantive question the only matter involved, there would be no question that joinder would be proper, though late. But, has defendant indicated any reasonable "justification or excuse for the delay" in seeking this joinder?

From the petition it appears that it was defendant's counsel who realized that an illegally parked car near the intersection where the accident occurred justified the proposed joinder, and this information was secured only after the report of the coroner's hearing was in his hands. There is no allegation that due diligence was used to secure the identity of a car which defendant's driver *realized at the time of the accident obscured his vision.* It seems reasonable to assume that the driver, in detailing the circumstances of the accident to counsel, should have earlier disclosed that visibility was interfered with by a negligently parked car. Had he done so, it would have been possible for counsel to check, without the aid of the testimony at the coroner's inquest, to determine whether the car might be identified by a parking summons.

Although petitioner has not justified his late filing, there is need to consider whether the joinder would be prejudicial to proposed additional defendant. Proposed additional defendant alleges that she knew nothing of the accident until February 12, 1951, when the petition for joinder was served on her. Proposed defendant, a physician, recalls that on the day of the accident, she returned to her car from Children's Hospital, where she had been on duty, and found a traffic violation ticket. Assuming the ticket was for overtime parking, she settled by mail. She states that on the day of the accident she had difficulty in getting out of her parking place because there was a car between her and the intersection. Her conclusion is that this second car blocked the vision of defendant's driver, and she complains that since she was so long in being notified of the accident, it is impossible for her now to determine the identity of the second car. Although proposed additional defendant's objection is based on a conclusion which is questionable, her reasoning makes clear the insidiousness of allowing the joinder sought.

"Without some limitation on the time within which [the right to joinder] must be exercised, it would be possible for the defendants to delay the plaintiff indefinitely by collusively joining a series of additional defendants": Goodrich-Amram, Commentary on Pa. R. C. P. 2253, at page 39.

"Certainly some limit must be put upon the indulgence of the court in extending the time for bringing additional parties on the record, otherwise the 60-day limitation becomes meaningless": Wood et al. v. Traber, 56 D. & C. 581, 582 (1945), opinion by Knight, P. J.

The rule is discharged.