## Patrick v. South Pittsburgh Water Co. et al.

*Edward O. Spotts, Jr.,* for plaintiff.

*James J. Burns,* for defendant.

*Thomas D. Thomson* and *Dalzell, McFall, Pringle & Bredin,* for additional defendant, Mario Construction Company.

SOFFEL, J., January 28, 1952.—On December 18, 1950, James Patrick, a minor, and Earlene Patrick, a minor, by their parents and guardians, Robert A. Patrick and Anna E. Patrick, and Robert A. Patrick and Anna E. Patrick, in their own right, plaintiffs, brought suit in trespass against South Pittsburgh Water Company, defendant, to recover for personal injuries sustained by minor plaintiffs. On December 27, 1950, the complaint was served on original defendant. On October 1, 1951, more than nine months later, original defendant presented an order requesting the court to extend the time for joinder of an additional defendant until October 15, 1951. No petition was presented setting forth reasons why this additional time should be granted. On November 15, 1951, the Mario Construction Company, Inc., a Pennsylvania corporation, additional defendant, filed preliminary objections in the nature of a motion to strike and quash the writ of joinder and complaint.

The questions raised by the preliminary objections are these:

1. Should not the order of court dated October 1, 1951, allowing the joinder of an additional defendant, be vacated, and are not the writ and complaint joining Mario Construction Company, Inc., as an addi-

tional defendant void because of the failure of the attorney for original defendant to show cause why such joinder should be allowed?

2. Does the Mario Construction Company, Inc., additional defendant, have standing to object to its joinder?

The basic question before the court is this:

Should the order of court dated October 1, 1951, allowing the joinder of additional defendant be stricken from the record and the writ of joinder and complaint quashed?

In order to determine this question it becomes necessary to consider Rules 2252 and 2253 of the Pennsylvania Rules of Civil Procedure, Goodrich-Amram Standard Pa. Practice, secs., 2252 and 2253, and the cases which interpret and apply said rules.

Rule 2252, Pa. R. C. P.—Right to join additional defendants—reads as follows:

"(a) In any action the defendant or any additional defendant may file as of course a præcipe for a writ to join as an additional defendant any person not a party to the action who may be alone liable or liable over to him on the cause of action declared upon or jointly or severally liable thereon with him.

"(b) The defendant or additional defendant shall file with the præcipe a complaint, in the manner and form required of the initial pleading of the plaintiff in the action, setting forth the facts relied upon to establish the liability of the additional defendant and the relief demanded."

Rule 2253—Time for filing præcipe—reads as follows:

"No præcipe for a writ to join an additional defendant shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof

unless such filing is allowed by the court upon cause shown."

A reading of these rules establishes the fact that defendant may join an additional defendant as a matter of course, provided he act not later than 60 days after the service upon him of the initial pleading of plaintiff. But if more than 60 days after such service has elapsed, defendant must apply to the court for permission to file a præcipe for a writ to join such additional defendant. The court, however, can act only upon petition presented and upon cause shown.

In the instant case, on October 1, 1951, more than nine months after plaintiff had served his complaint on defendant, original defendant presented to the court an order which the court signed extending the time for joining an additional defendant until October 15, 1951. No petition was presented to the court setting forth reasons which would have justified such action.

The pertinent Pennsylvania procedural rules governing the instant case are rules 2252 and 2253, cited, supra. It has been repeatedly held that the above rules have the force and effect of a statute: Koll et al. v. Pickford et al., 353 Pa. 118, 121. Rule 2253 is in the nature of a statute of limitation: Madden v. Ferguson, 44 D. & C. 330. Under these procedural rules, the privilege of joinder of an additional defendant is subject to several limitations:

1. The proposed additional defendant must be a person not a party to the action who may be alone liable over to defendant upon the cause of action declared upon or jointly or severally liable thereon with him.

2. To entitle defendant to joinder as of course upon the filing of a præcipe, the joinder must be sought within the period of 60 days after the service upon original defendant of the initial pleading or amendment thereof.

3. Defendant must file with the præcipe a complaint setting forth the facts relied upon to establish the liability of additional defendant and the relief demanded.

4. After the 60-day period has expired, defendant must first obtain leave of court to file a præcipe and such leave may be granted only "upon cause shown".

What constitutes sufficient cause to justify an extension of the 60-day period is not indicated in the rules. The cases indicate that the proper procedure is to present to the court a petition setting forth reasons which would constitute sufficient cause to justify such extension. We must therefore look to the pertinent court decisions.

In Shimer v. Jacoby, 30 Northamp. 326, the court held that inadvertence of counsel is not sufficient cause within the meaning of Pa. R. C. P. 2253 to warrant the court in granting additional time for joinder of additional defendant. It has been held that the pendency of a petition for severance is sufficient cause: Swope et al. v. Costello, 47 D. & C. 696; Gusler et al. v. Schwartzentruber, 48 D. & C. 705, 712, 713. It has also been held that plaintiff and defendant by stipulation may extend the time for joining an additional defendant: Pirri v. Clark, 31 Del. Co. 271; but such stipulation is not binding on additional defendant who may, by appropriate proceedings, raise the question: Pirri v. Clark, supra. In Angert et al. v. Schultz, 65 D. & C. 544, original defendant was unable to act until beyond the 60-day limit. In that case defendant, a minor, was served on June 12, 1948, but had no guardian ad litem appointed until September 29, 1948. The court granted 60 days from the appointment of the guardian to join an additional defendant, saying:

"We think that the mere fact that defendant was a minor and that no guardian was appointed for him until a time less than sixty days before the filing of this petition is sufficient cause for an extension" (p. 545).

In Frank v. Nash et al., 51 Lanc. 205, affirmed at 166 Pa. Superior Ct. 476, the court held that under Pa. R. C. P. 2253 a writ to join an additional defendant may be issued *after* 60 days after service of plaintiff's complaint on original defendant, by special permission of the court for good cause; and failure of an insured defendant to notify his insurer of the suit would constitute good cause.

In Christman v. Chadderton, 55 D. & C. 325, the court granted the plaintiff's motion to quash a writ of scire facias filed only two days late and rescinded a prior order permitting an extension of time to join an additional defendant on the ground that the petition for extension of time was faulty.

It is the fact that on March 26, 1945, defendant presented to the court his petition for leave to join Richard R. Chavers as an additional defendant, and that the court entered thereon an order joining such additional defendant.

The petition did not disclose that 60 days had elapsed since service of plaintiff's pleading on petitioner, nor did it set forth the date of such service, nor any facts from which it could be ascertained that the normal 60 days had elapsed. Under the circumstances it cannot be seriously urged that the order of court was an allowance upon "cause shown". The court was without authority to make the order except upon a petition averring facts justifying the granting of an extension.

The order was therefore a nullity.

In Wood v. Traber, 56 D. & C. 581, where plaintiffs, who had built a structure on certain land under a lease whereby, if lessor sold the land, they were to have six months to remove the structure, sued a subsequent owner of the land to recover the value of the structure, and defendant presented a petition to join an additional defendant more than six months after plaintiffs' original pleadings were served on him, the court held

that the excuse that there had been settlement negotiations pending was not sufficient to warrant an extension of time to join additional defendants for such a long period.

In the instant case there is nothing on the record to show what cause, if any, influenced the court to permit original defendant to join an additional defendant after nine months had elapsed. We believe that some limit must be put on the indulgence of the court in extending the time for bringing additional parties on the record, otherwise the 60-day limitation becomes meaningless and, since the court can grant such extension only upon cause shown, such cause must appear affirmatively in the petition requesting the extension.

The second question which has been raised in the instant proceedings is whether the Mario Construction Company, Inc., additional defendant, has standing to object to the improper joinder in this case.

4 Anderson, Pennsylvania Civil Practice, at page 426, states:

### "Objection of Late Joinder

"The objection that the præcipe to join additional defendant is filed too late is personal to the additional defendant. No other party may raise the objection nor is it a defect of so fundamental a nature that the court should raise the objection of its own motion. If the additional defendant does not raise the objection it is deemed waived.

"If the additional defendant desires to raise the objection, he must do so by a preliminary objection in the nature of a motion to strike the writ of joinder, and the complaint against him if one has been filed, on the ground of violation of a rule of practice. This practice of preliminary objection is made applicable by virtue of the provision that the procedure between the defendant and the additional defendant shall be the same

as though they were plaintiff and defendant respectively."

Under rule 2253, prior to its amendment in 1942, the courts consistently upheld the objections of additional defendants when they had been joined beyond the prescribed time limit and without sufficient cause: Pirri v. Clark, supra; Tucker v. City of Wilkes-Barré et al., 35 Luz. 386. There is no indication that the amendment of 1942 changes the standing of additional defendant in this regard.

This court has not recognized any change in the right of additional defendant to object. In an unreported opinion dated April 26, 1951, filed by Montgomery, J., in the case of John C. Boggs v. Crain Bros., Inc., April term, 1949, no. 2343, the court en banc sustained the preliminary objections of an additional defendant to a late joinder and rescinded the order of court allowing the same.

Counsel for original defendant, both in oral argument before the court en banc and in his brief, also raised the question of whether preliminary objections could be filed by additional defendant more than 20 days after additional defendant had been served with a copy of defendant's complaint endorsed with a notice to plead within 20 days.

We are of the opinion that since no formal objection has been filed of record directed to the timeliness of additional defendant's preliminary objections, the question is not properly before this court. The only way in which the timeliness of the filing of responsive pleadings can be questioned under the present rules is by preliminary objection: Goodrich-Amram, sec. 1017-(b) (5). Original defendant filed no such objections.

Therefore, since the joinder of Mario Construction Company, Inc., as an additional defendant, was clearly in violation of the provisions of Pa. R. C. P. 2253, the preliminary objections of additional defendant should

be sustained, the writ joining additional defendant quashed, the complaint against additional defendant stricken from the record, the order of October 1, 1951, vacated, and the action against additional defendant dismissed.