## Potter Title and Trust Company *v.* Lattavo Brothers, Inc., Appellant.

Argued March 31, 1952. Before DREW, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Joseph F. Weis, Jr.,* with him *Sherriff, Lindsay, Weis & McGinnis,* for appellant.

*Bruce R. Martin,* with him *Dalzell, Pringle, Bredin & Martin,* for appellee.

OPINION BY MR. CHIEF JUSTICE DREW, April 22, 1952:

These appeals are from an order quashing a writ to join the Pennsylvania Railroad Company as additional defendant and dismissing the complaint in trespass filed against the Company by defendant, Lattavo Brothers, a corporation.

The actions were instituted following a collision between a locomotive of the Pennsylvania Railroad Company (hereinafter called the railroad) and a truck of defendant near Uhrichsville, Ohio, on October 26, 1948. The engineer and fireman of the locomotive were killed in the accident and the administrators of their estates brought these suits against Lattavo Brothers as defendant on February 23, 1949. Amended complaints were filed by plaintiffs on December 13, 1949, and on April 16, 1951, defendant presented a petition for an extension of time to join the railroad as additional defendant. The prayer of this petition was granted and on May 1, 1951, a complaint was served on the railroad averring that it was solely liable for the deaths

of plaintiffs, and that it should be joined as additional defendant. The railroad filed preliminary objections to this complaint, alleging inter alia, that it was defective on its face because defendant had failed to comply with the provisions of Rule 2253 of the Pennsylvania Rules of Civil Procedure in not attempting to join the railroad as an additional defendant until more than sixty days after the filing of plaintiffs' amended complaint. Following argument, the learned court below sustained the railroad's objections and ordered defendant's complaint stricken from the record, whereupon defendant took this appeal.

Rule 2253 of the Pennsylvania Rules of Civil Procedure provides: "No praecipe for a writ to join an additional defendant shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown." As an excuse for its failure to obtain a writ to join the railroad until sixteen months after the filing of plaintiffs' amended complaints, defendant averred in its petition for joinder that it had been awaiting the outcome of a suit which arose from the same accident and had been instituted by Mack E. Miller against the railroad. The fact that defendant considered that suit a test case which might determine the railroad's liability as well as its own in the instant matter, is no justification for its delay. It was aware of the time limit provision of Rule 2253 and deliberately chose not to join the railroad within the prescribed period. Lacking a better reason for extending the time of filing its praecipe than that which it has averred, defendant should be bound by its choice. For to permit the joinder of the railroad twenty-five months after service of plaintiffs'

complaint on defendant would not only be violative of Rule 2253, but would be manifestly unjust.

Defendant having failed to show cause why it should be allowed additional time to join the railroad as additional defendant, the learned court below properly dismissed its writ of joinder and its action against the railroad.

Order affirmed.

———

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

Under the Federal Employers' Liability Act of 1939, 53 Stat. 1404, 45 U. S. Code Annotated, Sec. 56, actions brought on account of injury or death to railroad employes may be filed within three years from the date the injury or death occurred. The administrator of the Estate of Gorden C. Aley, the engineer who was killed in the collision of October 26, 1948, had until October 26, 1951, to initiate suit against the Pennsylvania Railroad Company.

The defendant, Lattavo Brothers, Incorporated, after obtaining leave from the Court of Common Pleas, filed its complaint against the Pennsylvania Railroad Company on April 30, 1951. The order of the lower Court, quashing the writ, was filed on December 18, 1951, which means that during the pendency of the matter before the court the statute of limitations closed the door on the plaintiff's right to sue the Pennsylvania Railroad Company.

Of course, there is no doubt that the original defendant could have brought in the additional defendant immediately after it had been served by the plaintiff, and, as it has since developed, it was to its interest to do. But to hold the defendant to this requirement is to say that foresight is as revelatory as hindsight. The defendant has explained why it delayed its action against the railroad company, and the explanation

is a reasonable one. In view of the fact that its only employe in the accident was killed, it was considerably handicapped in ascertaining the details of the events which led up to the smashup. It therefore, awaited the result of the suit brought by one Mack E. Miller, who had been injured in the same accident, against the Pennsylvania Railroad Company in which suit the railroad had joined the Lattavo Brothers as additional defendant. A verdict was returned in that case against the Pennsylvania Railroad Company and in favor of Lattavo Brothers. A definitive decision was reached in the Mack case on March 27, 1951, when the court en banc refused motions for a new trial and judgment n.o.v. Within a reasonable time, that is, in two weeks, a petition for leave to file a complaint in trespass against the Pennsylvania Railroad Company was filed by Lattavo Brothers.

The attainment of true justice is over the highway of realities and not through the alley of technicalities.

There is abundant justification for Rule 2253 of the Pennsylvania Rules of Civil Procedure, but that rule is not and should not be unyielding in the face of manifest injustice.

Mr. Justice CHIDSEY of this present Court said in *Fisher v. Hill*, 368 Pa. 53, 56, 81 A. 2d 860: "Neither under the Practice Act of 1915 where the word 'shall' was used nor under the present Rules of Civil Procedure has this Court regarded such provisions as to pleading so mandatory as not to permit exceptions where justice requires."

The drafters themselves of these Rules anticipated that there would be cases where a rigid adherence to the syllable of any of its provisions would be destructive of the very purposes the rules intended to achieve, namely, practical, expeditious and comprehensive adjudication of issues before the Court. Thus, they said

in Rule 126: "The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

There can be no question at all that the Pennsylvania Railroad is involved in this litigation. It was on its tracks that the tragic accident occurred, and it is the administrator of the estate of the dead engineer of the locomotive involved in the accident who is the plaintiff in this suit. With the exclusion of the railroad company as an additional defendant, Lattavo Brothers, in the event of a verdict against it, will in all probability bring suit against the railroad company for contribution which will mean another trial, with all its expense and inevitable delays. It was to avoid that very hardship and concomitant confusion of responsibility that the procedure of joining additional defendants was instituted. Mr. Justice LINN of this Court stated it compactly in the case of *Simodejka v. Williams,* 360 Pa. 332, 333, 62 A. 2d 17: "One of the purposes of third party procedure is to avoid multiplicity of suits by adjudicating in one suit the rights and liabilities of all the parties to a single transaction which constitutes the cause of action. Rau v. Manko, 341 Pa. 17, 23, 17 A. 2d 422, 425-6 (1941). The rules of civil procedure are remedial, expressly intended to avoid multiplicity of suits, and therefore should be liberally construed to accomplish the purpose for which they were adopted. . . . ."

I would reverse the lower Court and reinstate the writ and complaint against the additional defendant, the Pennsylvania Railroad Company.