## Rupp, etc., v. Amsley et al.

*Mark E. Garber*, for plaintiff.

*John D. Faller, Jr.*, and *Edwin M. Blumenthal*, for defendant.

SHUGHART, P. J., April 16, 1953.—The above-captioned action in trespass was started by the issuance of a summons on August 22, 1952. The complaint was

filed on September 10, 1952, at which time copies were sent to the two defendants, who have admitted receiving the same shortly thereafter. On October 1, 1952, a motion for separate trials as to the two defendants was filed on behalf of the defendant Amsley. In an opinion and order filed on March 11, 1953, this motion was overruled.

On March 30, 1953, defendant Amsley filed an answer to the complaint. On March 31, 1953, a petition was filed on behalf of defendant Amsley for a rule to show cause why the actions should not be severed to enable him thereafter to join Mary B. Rupp, executrix of the estate of Alfred E. Rupp, as an additional defendant. On April 2, 1953, an answer to the petition and rule was filed by plaintiff, in which objection was made to the severance and further, asking that the matter be disposed of by the court promptly, so that the case could be tried at the May session of court, which begins on May 18, 1953.

In a reply to the new matter set up in the plaintiff's answer to the petition to sever, counsel for defendants indicated a willingness to have the matter promptly disposed of, and also a willingness to have the case remain on the trial list for the May session. Defendants contend that the severance and joinder of additional defendant can be accomplished so that the matter may be tried as scheduled.

The matter was argued before the court on April 6, 1953.

Pennsylvania Rule of Civil Procedure 2252 (a) provides that a defendant may "join as an additional defendant any person not a party to the action . . . ". This rule has been interpreted to require a severance of the action where the party sought to be joined as an additional defendant is already a party to the action before there may be a joinder: Posch v. Jacobus, 2 Cumb. L. J. 121, and cases cited therein.

Pennsylvania Rule of Civil Procedure 2253 provides that:

"No praecipe for a writ to join an additional defendant shall be filed by the original defendant . . . later than sixty (60) days after the service upon the original defendant . . . unless such filing is allowed by the court upon cause shown."

The objection to the severance with a view to joining Mary B. Rupp, executrix, as an additional defendant is that the application therefor has been made too late, since six and two third months have elapsed since the complaint reached defendants.

The rule granted on the application for separate trials contained the usual provision for a stay of proceedings pending the disposition thereof. Counsel for defendants argue that because of this provision the 60-day period referred to in Pa. R. C. P. 2253 began to run only from March 11, 1953, when the rule was discharged and, therefore, as a matter of law, their application is within the 60-day period. This poses the principal question to be decided here.

The tendency of modern procedure, as exemplified by the Rules of Civil Procedure, is to bring about an orderly and speedy determination of causes and to prevent practices tending to delay the ultimate determination of issues.

Defendant Amsley's prior application for a separate trial was governed by Pa. R. C. P. 213(b). Had separate trials been awarded, there was no prayer in the petition for a severance of the actions such as would have made possible the joinder of the executrix as an additional defendant. Had defendants so desired, we can conceive of no prohibition, nor has counsel offered us any such, that would have prevented the simultaneous application for separate trials (Pa. R. C. P. 213(b)) and for a severance so that the executrix could be joined as an additional defendant (Pa. R. C. P.

2252). The two procedures are in no way inconsistent or contradictory, but are designed to achieve two separate and distinctly different results.

Undoubtedly, the stay granted in the order of October 1, 1952, operated to prevent any action being taken by plaintiff that would have, in effect, nullified Amsley's application for a separate trial. We believe that that stay in no wise prevented defendants from taking action not inconsistent with the motion for separate trials, nor excused them from taking any proper steps pending the disposition of the first motion.

In regard to a stay of execution it has been said:

"The principal effect of a stay of execution is to render improper the issuance of a writ or any action thereunder in violation of the stay while it is in force": 21 Am. Jur. 293, Executions, §609.

By analogy, it is clear that the purpose and intent of the stay in this case was to prevent action by plaintiff that would nullify or render moot the question to be raised by the issuance of the rule for separate trials, and not to accord to defendants the privilege of delaying other proceedings in no way dependent upon the outcome of the current action.

Pennsylvania Rule of Civil Procedure 1028(b) requires that all preliminary objections to a complaint shall be raised at one time. The stated purpose of this provision was to reduce to a minimum the number of dilatory pleas and bring about an early trial. Although that provision is not here applicable, the purpose behind that provision is relevant in a consideration of the present issue.

Pennsylvania Rule of Civil Procedure 126 provides:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding

may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

At oral argument in this case, counsel for defendants contended that they, in this case, would have had a right, following the order of March 11, 1953, to file preliminary objections to plaintiff's complaint instead of filing an answer, as they did, and after a disposition of those objections would still have had an opportunity to file the motion here under consideration. If their contention were to be accepted, we believe that the whole purpose of those rules of procedure designed to expedite litigation would be set at naught. Although Pa. R. C. P. 1028(b) provides that all preliminary objections shall be raised at one time, the motion for a separate trial and for severance, not being preliminary objections, exercised consecutively in the manner suggested, could delay the trial of a case for more than a year. There appears to be no reason for such delay and it should not, in our opinion, be permitted.

No reason has been advanced for the delay here in moving to sever, except that counsel felt that they had a right so to do. No excuse has been advanced for not moving to sever within the 60-day period fixed by Pa. R. C. P. 2253.

At oral argument, it was stated that since defendants are still willing to have the case tried at the next term, there is no disadvantage to plaintiff to have the action severed and plaintiff executrix joined as an additional defendant. This reasoning is fallacious in view of the provisions of Pa. R. C. P. 2253 which provide that additional defendant may be joined after 60 days from the service of the complaint "upon cause shown". If good cause for the action now requested were shown, then whether or not there would be harm to plaintiff would become relevant. The mere fact that there might not be harm to the other side is not, in our

opinion, a sufficient excuse, in the first instance, to extend the period of time where no sufficient reason for the delay is assigned.

We believe, however, that it can scarcely be contended that there would be no harm to plaintiff by a severance at this time. This case was listed for trial at the February term of court, 1953, but could not be tried because of the pendency of the motion for separate trials.

If this motion were granted, a complaint would be required which well might entail an answer by additional defendant. It might well require the bringing on the record of additional counsel to represent plaintiff executrix in her capacity as additional defendant. See Bossler v. Wilson et al., 65 D. & C. 164, 171.

At the time this case was argued, counsel for defendants asked leave to file a written brief within 10 days. This period was shortened by the court to five days. Allowing some time for the preparation of an opinion, it would mean that the case would be ordered for trial within approximately two weeks after the pleadings were closed. The fact that our present rules of court provide for a closing of the trial list six weeks before the first day of the term speaks eloquently for the insufficiency of the period here involved.

In speaking of the time within which an additional defendant may be joined, it was said in the case of Marnell v. Gross, 372 Pa. 82, 84:

"There is no doubt that the delay of nine and one-half months in filing the complaint against the additional defendant was an unreasonable delay and the lower Court would have been justified in refusing to grant the extension asked for by the defendant. . . ."

We believe that the delay here, under all of the circumstances, of more than six months, is likewise unreasonable: Wood et al. v. Traber, 56 D. & C. 581.

In Goodrich-Amram, sec. 2253-3, it is said:

"Ordinarily, the bar of the passage of the sixty day period *will not be waived* by the court. The substantive rights of the moving party will not be prejudiced by refusing to permit the joinder of the additional defendant. If the moving party has a claim against the proposed additional defendant, he may bring a subsequent separate action against him and thus, while subjected to delay, his substantive rights are not impaired." (Italics supplied.) See also Potter Title and Trust Company v. Lattavo Brothers, Inc., 370 Pa. 374.

In this case, if defendants suffer disadvantage from the delay, it must be deemed to be of their own choosing.

And now, April 16, 1953, at 9:45 a.m., the motion for severance of the action for the purpose of joining an additional defendant be and is hereby overruled and discharged.

It is further ordered and directed that the case remain on the list for trial at the May term, 1953.