# McDevitt *v.* Avis Rent-A-Car Systems, Inc., Appellant.

Argued November 24, 1970. Before Bell, C. J., Jones, Cohen, Eagen, O'Brien, Roberts and Pomeroy, JJ.

*James P. Gannon,* with him *Thomas J. Beagan, Jr.,* for defendant, appellant.

*W. Bradley Ward,* with him *Ira Tiger,* and *Schnader, Harrison, Segal & Lewis,* for additional defendant, appellee.

*Lynn L. Detweiler,* with him *Curtis P. Cheyney, III,* and *Swartz, Campbell & Detweiler,* for additional defendant, appellee.

OPINION BY MR. JUSTICE ROBERTS, June 1, 1971:

These appeals arise out of an action in trespass for personal injuries and concern the scope of a trial court's power to disallow a defendant's petition for the joinder of additional defendants.

On October 14, 1968, John McDevitt filed a complaint in trespass in the Philadelphia Court of Common Pleas alleging that he had suffered various personal injuries on January 31, 1968, as a result of the negligence of defendant-appellant Avis Rent-A-Car System, Inc. On January 8, *1970,* more than fourteen months later, Avis petitioned the trial court for leave to join certain additional defendants, including appellees General Motors Corporation and Maxon Industries, Inc. By an ex parte order of the same date, the trial court granted Avis twenty days in which to effect joinder, with the proviso that the order was being granted "without prejudice to any rights of proposed additional defendants". A writ to join the additional defendants was issued on January 22, 1970 and Avis's complaint against the additional defendants was filed on February 2, 1970, two days after the expiration of the statute of limitations applicable to the underlying trespass action.

After being served, General Motors and Maxon Industries each filed preliminary objections to Avis's complaint on the ground that their joinder was untimely. On May 13, 1970, and May 25, 1970, respectively, the trial court sustained these preliminary ob-

jections, struck the writ to join General Motors and Maxon Industries as additional defendants, and vacated its prior order allowing such joinder. The present appeal follows:

Pa. R.C.P. No. 2253 provides: "Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant *later than sixty (60) days* after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court *upon cause shown.*" (Emphasis added.) The attempted joinder in the instant case was made many months beyond the sixty-day limit, and the trial court, after consideration of appellees' preliminary objections, found that there was no "cause shown" for the lengthy delay.

Avis does not challenge the proposition that an additional defendant is generally entitled to contest his joinder by filing preliminary objections to the original defendant's complaint. See, e.g., *Potter Title & Trust Co. v. Lattavo Bros. Inc.,* 370 Pa. 374, 88 A. 2d 91 (1952). This opportunity is especially necessary where the initial order granting joinder is ex parte. The granting of leave to join an additional defendant more than sixty days after plaintiff's original pleading involves an exercise of the court's discretion, *Zakian v. Liljestrand,* 438 Pa. 249, 255, 264 A. 2d 638, 641 (1970), and if the proposed additional defendant is not given an opportunity to be heard at the time of the original exercise of that discretion, he should at least be given a later opportunity to have the decision properly reconsidered. The filing of preliminary objections is a wholly appropriate method for invoking such reconsideration.

Nor does Avis presently contend that the trial court erred in concluding that a greater than fourteen-month

delay in seeking joinder was unreasonable. Its sole claim is rather that since the initial order permitting joinder was entered *prior* to the expiration of the statute of limitations, the trial court was precluded from later reconsidering its decision and disallowing joinder *after* expiration of the statute of limitations. In so arguing, Avis relies upon this Court's decision in *Marnell v. Cross*, 372 Pa. 82, 92 A. 2d 688 (1952).

*Marnell* has a deceptive similarity to the present case but is diametrically different on the basic point on which it was decided.

There, as here, the original defendant sought and was granted an extension of time to join an additional defendant many months after the filing of plaintiff's complaint. The statute of limitations expired a short time later, and the trial court thereafter sustained the additional defendant's preliminary objections to the joinder. On appeal, we held that the trial court could not change its position on joinder. The basis for that decision was as follows: "Had the court refused the request for extension when originally presented, it may well be that the defendant could have asserted further valid reasons in support of his request or it could be that the plaintiff would have proceeded against the party sought to be joined as additional defendant. The Court by its [initial] order . . . lulled the attorney for the original defendant into a sense of security which the court could not nullify without evidence of misrepresentation or fraud of some kind, none of which has been asserted by anybody in the case." Id. at 85, 92 A. 2d at 689-90.

In the present case, the original order allowing joinder entered prior to the expiration of the statute of limitations should not have lulled anyone into a false sense of security. The trial court carefully conditioned that order by granting leave to join "without prejudice to any rights of proposed additional defend-

ants". The import of that language was to reserve to the trial court the power to entertain any subsequent challenge to the joinder on the part of any of the additional defendants and to change its position on the joinder question if any such challenge were persuasive. Accordingly, Avis was on notice to amend and fortify its petition for leave to join if it so desired, and plaintiff was on notice to proceed against the additional defendants itself or suffer the peril of the soon to expire limitations period.*

The orders of the Philadelphia Court of Common Pleas sustaining appellees' preliminary objections, striking the writ to join appellees as additional defendants, and vacating its prior order allowing such joinder are affirmed.

Mr. Justice COHEN took no part in the consideration of this case.

---

DISSENTING OPINION BY MR. JUSTICE POMEROY:

As it has since the original rule was adopted by this Court on February 14, 1939, Rule 2253 of the Pennsylvania Rules of Civil Procedure forbids the joinder of an additional defendant later than sixty days after service upon the original defendant of the initial pleading of the plaintiffs, unless the Court "upon cause shown" allows a longer time.**

---

* In any event: ". . . The substantive rights of the moving party will not be prejudiced by refusing to permit the joinder of the additional defendant. If the moving party has a claim against the proposed additional defendant, he may bring a subsequent separate action against him and thus, while subjected to delay, his substantive rights are not impaired. Or if the contention of the moving party is that the proposed additional defendant is solely liable to the plaintiff, the defendant may assert that defense in the plaintiff's action even though the proposed additional defendant is not joined as a party to the action." 3 Goodrich-Amram §2253-3, at 60.

** This Court has considered the cause requirement in *Zakian v. Liljestrand*, 438 Pa. 249, 264 A. 2d 638 (1970), *Coppage v. Smith*,

The purpose of Rule 2253, as I read it in context with the other rules pertaining to joinder of parties, is to prevent an undue delay in the trial or disposition of the suit by procrastination of an original defendant or by successive joinder of additional defendants. *Koppel v. Engel,* 52 Luz. Leg. Reg. 130 (1962) ; *Brown v. Huber,* 35 Del. Co. Rep. 485 (1948).

Additional defendants are only incidental beneficiaries of the sixty-day limitation. So long as a proposed joinder is attempted before expiration of the applicable statute of limitations, I see no reason to afford an additional defendant standing to relitigate by means of preliminary objections or otherwise the question of whether adequate cause was shown by the additional defendant for an extension. *See Duffy v. Nat. Janitorial Services,* 86 Montg. Co. L. R. 217 (1965). There should be no more need for special solicitude for any prospective additional defendant than for any prospective original defendant if the finding of cause for extension is the result of careful consideration at the time of entering the original order.

A petition for an extension should, of course, assert with definiteness why joinder cannot or could not be effected within the sixty-day period, and good practice would dictate that notice of intention to present the petition be given to other parties of record. *See, e.g., Patrick v. South Pittsburgh Water Co.,* 100 P. L. J. 169, 80 Pa. D. & C. 253 (1952) ; *Lambert v. Webb Mfg. Co.,* 77 Pa. D. & C. 363 (1951) ; 4A Anderson Pennsylvania Civil Practice §2253.12; 3 Goodrich-Amram Standard Pennsylvania Practice §2253-5. The Court should then consider the request and make a determination whether or not cause for extension of time has been shown. In my view, this should be an unequivocal

---

381 Pa. 400, 113 A. 2d 247 (1955), and in *Marnell v. Cross,* 372 Pa. 82, 92 A. 2d 688 (1952).

order. To make it "without prejudice" to the rights of the prospective third party is to invite the additional defendant to attempt to show prejudice, and thus incur additional delay. To be called upon to defend any lawsuit is in a sense prejudicial, especially if the defendant believes he is unjustifiably sued. The case at hand is an example of the delay that can result from the procedure the Court now sanctions: almost five months were taken to determine that there was in fact no justification for the late joinder. In the meantime, the statute of limitations as to claims against the additional defendants expired, and no direct suits can be brought.

Notwithstanding the long lapse of time in the present case between the filing of the original complaint and the joinder of the additional defendants, the plaintiff stated he had no objection to the extension and his interest in expeditious handling of the case was thus protected. The Court also gave its approval. I thus conclude that the extension of time was proper and the joinder of the appellants also proper.

Accordingly, I respectfully dissent from the affirmance of the reversal of the original allowance of extension.