## Orloski v. Zayre Department Store

Before Podcasy and Dalessandro, *JJ.*

*Stephen A. Teller* and *William R. Keller,* for plaintiffs.
*Arthur Silverblatt,* for defendant.
*Bart E. Ecker,* for additional defendant.

PODCASY, *J.,* December 23, 1975—In this action in trespass instituted by plaintiffs on August 6, 1974, against the original defendant, Zayre Department Store, for personal injuries allegedly sustained by the female plaintiff on February 2, 1973,

on Zayre's premises, depositions of the plaintiffs taken by the said defendant revealed for the first time that the alleged accident occurred on premises jointly controlled by both Zayre's and Sunshine Markets, Inc. Upon this determination the original defendant petitioned the court ex parte for a leave to join Sunshine Markets, Inc. as an additional defendant even though more than 60 days elapsed since the filing of plaintiffs' complaint. This court granted said request and thereupon the joinder occurred. Preliminary objections were then filed by the additional defendant having as their basis, in essence, three reasons:

1. The ex parte leave to join was erroneously allowed.

2. The statute of limitations precluded a claim of sole liability of the additional defendant.

3. The filing of Zayre's complaint violated Pa. R.C.P. 2253.

At the outset, the original defendant concedes that the statute of limitations prevents the additional defendant from being solely liable to plaintiffs and thus we conclude that there is no need to elaborate further on this point.

Regarding the grant of an ex parte order, Pa. R.C.P. 2253 states:

"Time for Filing Praecipe or Complaint.

"Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff . . . unless such filing is allowed by the court upon cause shown."

In supplementing this rule, Luzerne County Rule 2253 states:

"Application to the court for an extension of time in which to file a praecipe to join an additional defendant shall be by petition, duly verified, if facts not appearing of record are averred. *The court may act upon said petition immediately upon its presentation.* Rule 206 herein (Rules to Show Cause) shall not apply to such a petition unless the court by special order directs otherwise." (Emphasis supplied.)

Thus, it appears that upon proper cause shown, the court is permitted to act ex parte upon the presentation to it of an application for an extension of time within which a joinder may be permitted.

However, we emphasize that in allowing such late joinder, if facts at the trial of this matter are established that both defendants are jointly liable or that the additional defendant is solely liable, said liability would be over to the original defendant. In no event, since the statute of limitations is operative, would the additional defendant be solely liable to plaintiffs.

In Duffy v. National Janitorial Services, 86 Montg. 217 (1965), upon a showing of good cause, late joinder was permitted. There, the delay was occasioned by the failure to discover, by due diligence, that injury sustained by plaintiff was due to the work of a subcontractor of the company which had already been joined by timely proceedings. Further, the court found no prejudice to any other party.

In Kutsch v. Miller, 4 Butler 200 (1966), the court, of its own motion, joined an additional defendant. In the alternative, it consented to late joinder by the original defendant nunc pro tunc.

It is conceded that an additional defendant is

generally entitled to contest his joinder by filing preliminary objections to the original defendant's complaint. See, e.g., Potter Title and Trust Co. v. Lattavo Bros., Inc., 370 Pa. 374, 88 A.2d 91 (1952). This opportunity is especially necessary where the initial order granting joinder is ex parte. The granting of leave to join an additional defendant more than 60 days after plaintiff's original pleadings are filed and served involves an exercise of the court's discretion, Zakian v. Liljestrand, 438 Pa. 249, 264 A.2d 638 (1970), and if the proposed additional defendant is not given an opportunity to be heard at the time of the original exercise of that discretion, as here, he should, at least, be given a later opportunity to have the decision properly reconsidered. The filing of preliminary objections, as was done herein, is a wholly appropriate method for invoking such reconsideration.

In granting the original defendant's ex parte petition for joinder, we observe, as did the Court of Common Pleas of Jefferson County in Coppage v. Smith, quoted with approval by the Supreme Court, 381 Pa. 400, 404, 113 A.2d 247 (1955):

"Our modern procedure, as exemplified by the Rules of Civil Procedure, and particularly those governing the joinder of additional defendants, is to the effect that such Rules should be interpreted liberally to accomplish their purpose, which is to further simplify and expedite the disposition of matters involving numerous parties with divergent interests."

We thus conclude that the granting of the petition of the original defendant to join the additional defendant as a party to its action subject to the limitations of liability hereinabove stated was proper.

Accordingly, we enter the following

## ORDER

It is hereby ordered, adjudged and decreed that the additional defendant's preliminary objections in the nature of a motion to strike off original defendant's complaint against the additional defendant are overruled and the additional defendant is directed to plead over within 20 days from the receipt of the within opinion and order.