# Azcon Corporation v. Dual State Builders, Inc.

*Howard Davidson*, for plaintiff.
*Herbert Pressman*, for defendant.
*Christopher Walters*, for additional defendant.

GUARINO, *J.*, September 12, 1978—This matter is for determination on additional defendant's multifaceted preliminary objections: (1) in the nature of a motion to strike for lack of conformity to law or

rule of court, (2) in the nature of a demurrer for failure to allege a cause of action, and (3) motion for more specific pleading.

## MOTION TO STRIKE

Failure of a pleading to conform to law or rule of court may be raised by preliminary objections: Pa.R.C.P. 1017(b)(2). The relevant determinants on this issue in the case at bar are as follows:

The action was commenced by complaint on November 18, 1975, by plaintiff-owner to recover damages for a faulty roof against defendant-builder, Dual State Builders (hereinafter original defendant). During the course of discovery, original defendant discovered that additional defendant, Celotex, had supplied the roofing material that he used in constructing plaintiff's roof. Accordingly, on August 16, 1976, eight months after the complaint had been filed and six months after it was served upon him, he filed a petition for extension of time to join additional defendant. The petition was heard ex parte on September 22, 1976, and by order of the same date, Judge Gelfand extended the time, allowing defendant 20 days within which to file joinder. This of course was without prejudice to additional defendant's right to file a timely objection to the joinder. See McDevitt v. Rent-a-Car Systems, Inc., 443 Pa. 49, 277 A. 2d 815 (1971); Myers v. Stewart, 1 PICO 286, fn. 1.

On October 7, 1976, defendant filed a praecipe to join additional defendant. Service was obtained on additional defendant on October 18, 1976. Neither party acted on the joinder until March 10, 1978, when defendant filed a complaint against additional defendant, and, not until May 16, 1978, did

additional defendant file this petition objecting to the joinder.

It is contended by additional defendants that the pleading joining them should be striken because it is filed in violation of the Rules of Civil Procedure, namely Pa.R.C.P. 2253 and 2252.

In its pertinent part, Pa.R.C.P. 2253 provides that no writ or complaint for joinder "shall be filed by the original defendant . . . later than sixty (60) days after the service upon the original defendant . . . *unless such filing is allowed by the court upon cause shown.*" (Emphasis supplied.) Sixty days having lapsed from the date when original defendants were served, a joinder was impermissible except by allowance of the court on cause shown. Our inquiry on the motion is to determine whether Judge Gelfand's order extending the time was based upon good cause.

It is original defendant's contention that he became aware of additional defendant's liability during discovery, that he could not have joined defendant within the 60 day limitation and that his petition for extension could not have been filed sooner. While the record shows that there was an eight month lapse since service of the original complaint on original defendants, there was no lack of diligence on their part in pursuing their rights. Despite the entry of default judgment against one of the original defendants, which was not vacated until August 28, 1977, discovery proceeded at a reasonably expeditious pace, and the petition for extension was filed August 16, 1976, soon after discovery of the facts of additional defendant's liability. Under these circumstances, there is good cause shown for Judge Gelfand's order allowing the extension.

Whether an extension of time will be granted is largely a matter of judicial discretion: Zakian v. Liljestrand, 438 Pa. 249, 255, 264 A. 2d 638, 641 (1970); Marnell v. Cross, 372 Pa. 82, 92 A. 2d 688 (1952); Coppage v. Smith, 381 Pa. 400, 113 A. 2d 247 (1955); Myers v. Stewart, 1 PICO 286, 287. The application for an extension may be made either before or after the expiration of the original time period. See 8 Goodrich-Amram 2d §2253:4. It is the declared intendment of the Rules of Civil Procedure "to secure the just, speedy and inexpensive determination of every action . . . " and that the "court . . . may disregard any error . . . of procedure which does not affect the substantial rights of the parties." Pa.R.C.P. 126. The procedural rules are to be liberally and broadly interpreted, and procedural defects are to be disregarded when the substantive rights of the parties are not affected. See Demharter v. First Federal Savings & Loan Association of Pittsburgh, 412 Pa. 142, 194 A. 2d 214 (1963); Beaver v. Penntech Paper Co., 452 Pa. 542, 307 A. 2d 281 (1973). "The time prescribed by any rule . . . for doing of any act may be extended . . . by order of court."[1] Pa.R.C.P. 248.

The substantive rights of defendant will not be affected by allowance of the late joinder. To be sure, additional defendant will be prejudiced by the joinder. Being joined as parties will ipso facto expose them to a liability and to this extent it may be said that their position is worsened. But, if this were to be the criteria for allowing extension for joinder of a party on cause shown, then there could never be a

---

1. See also Pa.R.C.P. 1003—The court, for cause shown, may extend or restrict the time within which pleadings shall be filed or process served.

late joinder, and the rule authorizing the joinder after 60 days is a nullity. This self-evident absurdity was not meant to be. The prejudice that will impel the court to disallow an amendment or extension must be other than that which naturally flows from the mere allowance of the relief sought. The detriment must be independent of the allowance of the late joinder.[2] There is nothing on the record before me that suggests what if any prejudice additional defendant would suffer or what substantive rights they have lost as a result of the delay.[3]

It is also contended that original defendant, after filing the writ to join, failed to follow it up with a complaint in a timely fashion, as required by the rules. Pa.R.C.P. 2252(b) provides that where the "joinder is by writ the joining party shall file his complaint within 20 days from the filing of the praecipe for the writ."

In the instant case, the complaint joining additional defendant was not filed within 20 days after

2. This reasoning was followed by me in petition for allowing amendments of pleadings. See Kuramarohit v. Turner, 1 PICO 135 (1977); Wood v. W. T. Grant, 2 PICO 203 (1977).

3. After the oral argument, additional defendant did mention that the alleged defective roofing material had been removed and replaced by plaintiff, soon after the suit was started, before any substantial delay had transpired, and before additional defendant's liability had come to the attention of original defendant. The alleged prejudice was not caused by defendant. It is doubted, too, whether the destruction of the roof has prejudiced defendant. Plaintiff will have to prove that the material was defective in any event. Moreover, facts not sworn to on the record for which the opportunity for sworn denial is not presented cannot be considered by the court: International Union of Operating Engineers v. Linesville Construction Co., 457 Pa. 220, 322 A. 2d 353 (1974); Bonanni v. Weston Hauling, Inc., 392 Pa. 248, 140 A. 2d 591 (1958).

the writ was issued. As stated, the writ issued on October 18, 1976. The complaint to join was not filed until March 10, 1978.

We are not persuaded that this omission is of such significant consequence under these prevailing circumstances that it overbears the equitable criteria for granting late joinders. The defect is procedural and not of substance, and the parties were equally remiss: original defendant failed to file his complaint to join within 20 days of filing of the praecipe and additional defendant did not object to the joinder when made,[4] nor did he rule defendant to comply with the formal requirement or suffer non pros.[5] In arriving at our determination we are reminded that during the 18-month delay in service of the writ joining additional defendant, the four year Statute of Limitations for breach of warranty under the U.C.C.: Act of April 6, 1953, P.L. 3, as amended, 12A P.S. §2-725, has expired, and that in this regard the substantive rights of original defendants and plaintiff will be affected by the denial of the joinder at this late date.

## THE DEMURRER

A demurrer will not be granted and a cause of action dismissed where the complaint states a

---

4. By amendment effective June 28, 1974, the comment to Pa.R.C.P. 1017(b)(1) provides that preliminary objections may be filed to a writ. Cf. Keller v. LaBarre, 225 Pa. Superior Ct. 504, 311 A. 2d 683 (1973).

5. See Pa.R.C.P. 1037(a): "If an action is not commenced by a complaint, the prothonotary, upon praecipe . . ., shall enter a rule . . . to file a complaint. If a complaint is not filed within twenty (20) days after service of the rule, the prothonotary, upon praecipe . . ., shall enter a judgment of non pros."

cause of action cognizable on any legal theory: Clevenstein v. Rizzuto, 439 Pa. 397, 266 A. 2d 623 (1970); DeMatteo v. White, 233 Pa. Superior Ct. 339, 336 A. 2d 355, 356 (1975); Greenberg v. Aetna Insurance Co., 427 Pa. 511, 235 A. 2d 576 (1967), cert. denied, 392 U.S. 907, 88 S.Ct. 2063, 20 L.Ed. 2d 1366 (1968). It is additional defendant's contention that as a matter of law there can be no recovery in this case either in trespass or on the theory of strict tort liability, or in assumpsit for breach of warranty. It is proffered that section 402A of Restatement, 2d, Torts, upon which the trespass action relies for recovery, and the U.C.C. upon which the assumpsit action depends are inapplicable to this case. The demurrant alleges that section 402A of Restatement, 2d, Torts, applies only to the actions for recovery of personal injuries and that the U.C.C. applies only to sale of goods and not to "construction contracts." We disagree on both allegations.

Section 402A of Restatement, 2d, Torts, is applicable whether the injury is one in trespass to recover for damage to property or to person. In Webb v. Zern, 422 Pa. 424, 427, 220 A. 2d 853 (1966), quoting this section of the Restatement, stated:

" '(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for *physical harm* thereby caused to the ultimate user or consumer, or to his property, if (a) the seller is engaged in the business of selling such a product, and (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.' " (Emphasis supplied.)

It is clear from the quoted language that on the theory of strict tort liability recovery may be for both

property damage or personal injuries. See also Hoffman v. Sterling Drug, Inc., 374 F. Supp. 850 (M.D. Pa. 1974).

Defendant's challenge to the sufficiency of the assumpsit count is also without merit. Taking all the facts pleaded in plaintiff's complaint,[6] and in original defendant's joinder complaint, and all the reasonable inferences flowing therefrom, it is clear that the material alleged to have been defective and which caused the damages was roofing material sold by additional defendant, Celotex Corp. Such a product is "goods" within the meaning of section 2-105 of the Uniform Commercial Code, 12A P.S. §2-105, being items of personal property at the time of "identification" to the contract involved. Thus, defendant's argument that the count in assumpsit for a breach of warranty does not lie because the roofing material is not "goods" within the meaning of the U.C.C. is factually and legally groundless.

Moreover, where a party pleads a good cause of action on any theory, the pleading as a whole is not subject to a demurrer because it also contains allegations on other theories which are insufficient as a matter of law. See Department of Transportation v. Bethlehem Steel Corp., 28 Pa. Commonwealth Ct. 214, 368 A. 2d 888 (1977); Nan Duskin v. Parks et al., 2 PICO 336 (1978), The Legal Intelligencer, March 15, 1978; Albert Einstein Medical Center v. Nathans, 2 PICO 278 (1978), January 8, 1978, Phila. C.P. May Term, 1977, no. 301.

---

6. Skelton v. Lower Merion Twp., 318 Pa. 356, 178 Atl. 387 (1935); Fleming v. Strayer, 367 Pa. 284, 80 A. 2d 786 (1951). A demurrer will search the record and reach prior pleadings.

## MOTION FOR A MORE SPECIFIC PLEADING

Defendant's contention that the pleadings lack specificity has no merit. An averment of facts meets the test of specificity when the other party's ability to answer is not unduly impaired: Local No. 163, International Union of Brewery, etc. v. Watkins, 417 Pa. 120, 207 A. 2d 776 (1965). Any deficiencies in this respect can be supplied by discovery.

## ORDER

For the foregoing reasons, additional defendant's preliminary objections are denied; additional defendant will make answer to complaint within the next 30 days.