**Valeri v. Makro Self-Service Corp.**

*S. Curtis Seifert,* for plaintiff.

*Emil F. Toften,* for Makro Self-Service Corp.
*William B. Koch,* for Taskforce Services. Corp.
*Paul F. Lantieri,* for S. C. Johnson & Son, Inc.

SOKOLOVE, *J.,* January 23, 1986—Defendant Makro Self-Service Corp. (Makro) has appealed from the order dated November 14, 1985 wherein the court sustained the preliminary objections of S. C. Johnson & Son, Inc. (Johnson), and dismissed Makro's complaint against Johnson. Makro alleges that the court erred in sustaining Johnson's motion to strike the complaint on account of its late joinder, and likewise erred in not giving Makro leave to file an amended complaint. Makro challenges Johnson's standing as an additional defendant to object to its late joinder.

An overall review of this matter is in order. Plaintiffs initiated suit on April 16, 1984 against Makro alleging, inter alia, that plaintiff Gloria Valeri slipped and fell on April 17, 1982 in the entry hallway of Makro's store in Langhorne. Plaintiff alleged that defendant Makro negligently maintained the floor in question and plaintiff fell due to the dangerous condition of the floor surface which was "so dry and abrasive."

Defendant thereafter filed a complaint against additional defendant Taskforce Services Corp. (Taskforce) claiming that it had the contractual responsibility to maintain the floor in Makro's store. Makro alleged that Taskforce was negligent by "stripping or treating said floor in such a manner as to cause a dangerous condition on said floor."

Plaintiffs filed answers to interrogatories on November 2, 1984 which stated that: "34. The floor was very highly waxed making it a hazard for walking. The security officer, Mrs. Robin Corbett, remarked on the waxed floor, as to how easily some-

one could slip and fall." Robin Corbett is noted by plaintiff as being an employee of Makro.

On August 7, 1985, more than nine months after plaintiff first described the accident as caused by a highly waxed floor, the parties submitted a stipulation to join S. C. Johnson & Son, Inc. as an additional defendant "without prejudice to the latter's right to object to the joinder on a timely basis." The stipulation was approved by this court and a writ of summons was issued on Johnson on or about August 16, 1985.

On September 3, 1985, Makro filed a complaint against Johnson. After reciting the various pleadings, Makro alleged: "8. Defendant Makro Self-Service Corp. is now aware that the injuries allegedly caused to plaintiff *may have occurred* as a result of the product 'Johnson's Complete Johnson Wax,' Code 654652, that was used by additional defendant Taskforce Services Corp. to polish and/or wax defendant's floors." (Emphasis added.) Makro also alleges that Johnson wax was manufactured in a defective condition, and that plaintiff's injuries resulted from the defective condition of Johnson's product. Makro nowhere describes what "defect" was involved in the product. In paragraph 15(c) Makro alleges negligence against Johnson "manufacturing said product in such a manner that said product became slippery and hazardous after it was applied to the floor in question."

Additional defendant's preliminary objections challenge the late joinder stating that Makro did not obtain leave of court under Pa.R.C.P. 2253, nor did Makro show any justification for the late joinder. Johnson points to the apparent conflict between plaintiff claiming her fall was due to the dry and

abrasive condition of the floor,[1] and the type of fall normally associated with a wax product. On that basis, Johnson asserts that Makro has failed to state a cause of action against it.

## DISCUSSION

The time for late joinder of additional defendants is governed by Pa.R.C.P. 2253 which states:

"Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than 60 days after the service upon the original complaint of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."

Pa.R.C.P. 2252(b) provides in relevant part: "the complaint, in the manner and form required of the initial pleading of plaintiff in this action, shall set forth the facts relied upon to establish the liability of the joining party and the relief demanded."

Initially, we disagree with defendant Makro's position that Johnson lacks standing to question the late joinder. The stipulation of August 7, 1985 specifically permitted Johnson "to object to such joinder on a timely basis." Johnson was not a party to the stipulation and first learned of the claim when served with defendant Makro's writ. Lane v. Johns-Manville Corp., 8 Phila. 553, PLJ-R Vol. VI, no. 17 (1983). Yurosko v. Salzman, 30 Bucks L.R. 110

---

1. Plaintiff apparently has recanted the facts set forth in the complaint and now bases her claim on the slippery floor theory. However, plaintiff has not filed an amended complaint. We are, therefore, bound to plaintiff's theory as set forth in the pleadings of record and not to correspondence between counsel.

(1977). We likewise disagree with Makro's position that once joinder has been approved the court cannot thereafter review the propriety of the late joinder. McDevitt v. Avis Rent A Car Systems, Inc., 443 Pa. 49, 277 A.2d 815 (1971). In fact, there is nothing to prevent a court from reversing itself and dismissing the complaint against additional defendant after hearing the merits of the late joinder on preliminary objections. Moore v. Howard P. Foley Co., 235 Pa. Super. 310, 340 A.2d 519 (1975), Palitti v. Medwid, 35 D.&C.2d 754 (1964).

In reviewing the propriety of granting a late joinder, the court must look to (1) whether some reasonable justification or excuse exists for the delay; (2) some facts which show the liability of proposed additional defendant and (3) that the late joinder will not prejudice or cause undue hardship to additional defendant. Lane v. Johns-Manville Corp., Ibid at 556, quoting Goodrich Amram.

In this matter, the pleadings are in conflict between plaintiff's theory that defendant Makro's floors were dry and abrasive, and defendant Makro's complaint against additional defendant Johnson claiming plaintiff's injuries were caused by a slippery harzardous condition. We find the two conditions mutually exclusive. Makro's complaint is based upon plaintiff's answers to interrogatories and correspondence between counsel. Neither, in our view, is sufficient to amend plaintiff's cause of action. See Pa.R.C.P. 1033. By its complaint, Makro is attempting to interject a product-liability action into plaintiff's negligence slip and fall case. In our opinion, the proof necessary to sustain a product-liability claim against Johnson would substantially change the underlying cause of action asserted by plaintiff sounding in negligence. This becomes more tenuous where plaintiff has not specifically

pleaded that a slippery condition caused her to fall.[2] While we agree with Makro that it is not necessarily limited in its complaint against Johnson to theories of negligence put forth by plaintiff, we nevertheless concluded that Makro's joinder would expand the litigation and take discovery far beyond the scope of plaintiff's negligence action. Under these circumstances, we found it proper to sustain additional defendant Johnson's motion to strike.

We were also not convinced that defendant Makro had investigated and pursued its claim against Johnson with due diligence. We cannot attribute full fault to defendant Makro in light of plaintiff's fluctuation in her theory of how the accident occurred. However, regardless of plaintiff's theory, defendant Makro has been in possession and control of the floor in question since the accident. Defendant Makro's employees are noted by plaintiff as witnessing the accident and commenting on the condition of the floor. Additionally, Makro joined defendant Taskforce, who Makro alleges was responsible for the maintenance of the floor. Defendant Makro cannot, therefore, claim that plaintiff's change of theory necessarily resulted in its inability to adequately investigate the accident and ascertain whether the floor was, in fact, recently waxed. See Simmons v. Daily Local News, 30 Chester Rep. 347 (1980). Defendant Makro was put on notice of plaintiff's accident through its employees the date of the accident; Makro was placed on notice when plaintiff filed suit in April, 1984. When plaintiff answered the interrogatories and asserted

---

2. See Pa.R.C.P. 2252(a) relating to the scope of the joinder being "the transaction or occurrence or series of transactions or occurrences upon which plaintiff's cause of action is based."

the cause of her fall to be a slippery, hazardous condition, even if it was contrary to the complaint, Makro was again put on notice to investigate the condition of the floors. Despite this, Makro's counsel asserts that it was not until June, 1985 when he first realized the possible claim against additional defendant. In fact, defendant Makro baldly claims that through *"discovery"* it learned of the possible liability of additional defendant. Defendant Makro does not set forth how it learned of this fact, what discovery disclosed it and, more importantly, why this fact could not be ascertained within the proscribed limits of joinder. Each case must be evaluated on its own facts, and the amount of time elapsed is not always determinative. Zakian v. Liljestrand, 438 Pa. 249, 264 A.2d 638 (1970). In our discretion we found that defendant Makro had failed to provide the court with sufficient cause and proper jusification for the late joinder. Zakian v. Liljestrand, Ibid., Lamoree v. Penn Central, 238 Pa. Super. 380, 357 A.2d 595 (1976), see Goodrich Amram, Vol. 8, §2253:3, p. 107.

Having determined that defendant Makro has not sustained its burden in demonstrating justification for its delay in joining additional defendant Johnson, we therefore need not consider whether Johnson has put forth sufficient allegations of prejudice to it if joinder was granted. Desiderio v. R. R. Tire Center, 242 Pa. Super. 135, 363 A.2d 1197 (1976).

## ORDER

And now, this November 14, 1985, upon review of additional defendant S. C. Johnson & Son, Inc.'s preliminary objections in the nature of a motion to strike the complaint filed by defendant Makro Self-Service Corporation and in consideration of the an-

swer and memoranda of law filed by the parties, it is hereby ordered and decreed that the preliminary objections are sustained and the complaint against additional defendant S. C. Johnson & Son, Inc. is dismissed.